WILLIAM H. PARSHALL et al., Appellants, *v.* OLIVER J. EGGERT, Sheriff, etc., Respondent.

In the absence of fraud every instrument is to be construed so that it may have effect according to the intentions of the parties, if that can be done consistent with the rules of law.

One who has a contract for a pledge, ineffectual for want of delivery of the goods, may obtain a subsequent delivery and thus validate the pledge, even as against an intermediate creditor. Nothing but the intervention of fraud or the acquiring by a creditor of a specific right to a lien upon the thing pledged will prevent the perfecting of the pledgee's right. The transaction is not fraudulent *per se,* and its validity is a question of fact for a jury.

Such a contract is not a chattel mortgage, and is not affected by the

Statement of case.

statute declaring unfiled chattel mortgages absolutely void as against creditors.

(Submitted January 18, 1873; decided March term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the eighth judicial district, entered upon an order denying plaintiffs' motion for a new trial and directing judgment dismissing the complaint.

This was an action brought to recover the possession of a quantity of mill-feed. The defendant justified the taking under an attachment issued and directed to him, as sheriff of Erie county, in an action wherein George Hunter was plaintiff, and John Roche was defendant; and alleges that on the 3d of January, 1867, he attached the property in question as the property of the said John Roche.

On the 13th day of December, 1866, said Roche applied at the plaintiff's banking house in Buffalo for a discount of $1,480, and presented to the plaintiffs a note for that amount.

At the time of presenting the note for discount, there was attached to it a paper, or receipt, in the following words and figures:

" JOHN ROCHE,

" *Produce, Forwarding and Commission Merchant,*

" No. 59 Main street.

" BUFFALO, Dec. 13, 1867.

" Received in store, for account of Messrs. Parshall & Schanzlin, subject to their order, the following named property, as security to my note, given this day for fourteen hundred and eighty dollars, for twenty days from date:

" 55 tons fine middlings at 24................ $1,320 00
  10  "  bran at 20 ........................   200 00
                                             _____
                                             $1,520 00
                                             ==========

" JOHN ROCHE."

Roche then informed Parshall, one of the plaintiffs, that the property was in his warehouse. The plaintiff received

note and receipt from Roche, and advanced him the amount of the note

Between the 19th and 26th of December, 1866, George Hunter, the attaching creditor, sold and delivered to Roche a quantity of mill-feed amounting to $1,100, on which Roche paid $300, and the balance is the demand on which his action, wherein the attachment issued was founded.

Roche's note to the plaintiffs matured on the 5th of January, 1867, and was not paid, and previous thereto he had absconded. On that day, Schanzlin, one of the plaintiffs, went to the store and found it in charge of John Hause, Roche's clerk. He went over the store and saw the bran and middlings. Showed the receipt to the clerk, saying : " There is the paper that shows our right." Thereupon the clerk handed him the keys to the store. He locked up the store, taking the keys away with him, and about six o'clock the sheriff went to the store, found it locked, got a smith to open it, went in, and made a levy, by virtue of the attachment, on all the goods in the store.

The plaintiff gave evidence tending to prove " that the bran and middlings in said warehouse, January 15, 1867, was the same that was on hand there at the time said receipt was given to the plaintiffs December 13, 1866."

On Monday, the seventh of January, the plaintiffs demanded the bran and middlings of the sheriff, who refused to deliver up the same.

The court, at the circuit, granted a nonsuit, holding that the instrument in question was a security in the nature of a chattel mortgage if anything, and was void as against Hunter for not being filed. The plaintiffs excepted, and an order was made directing the exceptions to be heard at General Term in the first instance.

*William H. Gurney* for the appellants. It is immaterial whether the receipt was a warehouse receipt or a chattel mortgage. (*Waterbury* v. *Westervelt*, 5 Seld., 605, and cases cited.) Plaintiffs were in actual possession; the sheriff therefore had

no right to seize the property. (Code, § 235 ; *Brownell* v. *Carnley*, 3 Duer, 9 ; *Kuhlman* v. *Orser*, 5 id., 242 ; *Clarke* v. *Goodridge*, 41 N. Y., 210.) Hunter was not, as a creditor, in a position to attack the transfer to plaintiffs until after they were in possession. (*Van Heusen* v. *Radcliff*, 17 N. Y., 580 ; *Rinchey* v. *Stryker*, 28 id., 45 ; *Brown* v. *Platt*, 8 Bosw., 324 ; 19 Wend., 515 ; 23 id., 670 ; 4 Duer, 670 ; *Mattison* v. *Baucus*, 1 Comst., 295.) Plaintiffs' receipt is a pledge. (2 Kent's Com. [5th ed.], 577 ; Story on Bail., § 286 ; *Sterns* v. *March*, 4 Den., 229 ; *Wilson* v. *Little*, 2 N. Y., 443–447 ; *Bk. of Rochester* v. *Jones*, 4 id., 497 ; *McComber* v. *Parker*, 14 Pick., 497 ; *Allen* v. *Dykers*, 3 Hill, 593–597 ; 2 Parsons on Con., 113 ; *Brownell* v. *Hawkins*, 4 Barb., 491.) The instrument lacks all the elements of a chattel mortgage. (Story on Bail., §§ 287, 288 ; *Huntington* v. *Mather*, 2 Barb., 538 ; *Brown* v. *Bement*, 8 J. R., 96 ; *Langdon* v. *Buel*, 9 Wend., 80 ; 1 Bouv. L. D., 203, 204 ; 2 id., 337, 8th ed., 1860 ; *City Bk.* v. *R. W. and O. R. R. Co.*, 44 N. Y., 136 ; 2 Kent's Com., 207 ; *Chandler* v. *Belden*, 18 J. R., 157 ; *Bk. of Rochester* v. *Jones*, 4 Comst., 497 ; 12 Mass., 300 ; *Whitaker* v. *Sumner*, 20 Pick., 405 ; *Willson* v. *Little*, 2 Comst., 443, 447.) A delivery of the key of the store was a delivery of the goods. (1 Pars. on Con., 530, 531 ; 3 id., 257, 5th ed. ; *Hatch* v. *Bayley*, 12 Cush., 29 ; *Hatch* v. *Lincoln*, 12 id., 31 ; *Willson* v. *Little*, 2 Comst., 447.) The instrument given to plaintiffs was a sufficient delivery of the property. (*Jewett* v. *Warren*, 12 Mass., 300 ; Story on Bail., 302.) The pledgor's possession was perfectly consistent with the existence of the original right of the pledgees. (5 Bing. [N. C.], 136 ; 11 Eng. L. and Eq., 584 ; 3 Wait. [Penn.], 531 ; 5 Hump. [Tenn.], 308 ; 42 Me., 211 ; 1 Sandf., 248 ; *White* v. *Platt*, 5 Denio, 269.) A delivery of the goods at the very time of making the advance was not necessary. (Bac. Ab., Bail., 612 ; Story on Bail., 313.)

*James C. Brown* for the respondent. Plaintiffs were not pledgees of the feed, as there was never a delivery of it to

them. (2 Kent, 581; 4 id., 138; Jones on Bail., 117; Story on Bail., § 288; *Cartelyon* v. *Lansing*, 2 Caine's Cas., 200; *Brownell* v. *Hawkins*, 4 Barb., 491; *Wilson* v. *Little*, 2 Comst., 443; *Huntington* v. *Mather*, 2 Barb., 542; *Brown* v. *Bement*, 8 J. R., 96; Story on Agency, §§ 98, 181; *Beals* v. *Allen*, 18 J. R., 363.) The instrument given to plaintiffs could only have effect as a chattel mortgage; and not having been filed according to law, was absolutely void as against defendant. (Laws 1833, chap. 279, §§ 1, 2; 3 R. S., 222, 223, 5th ed.; *F. L. and T. Co.* v. *Hendrickson*, 25 Barb., 485; *Thompson* v. *Van Vechten*, 27 N. Y., 568, 581–583; *Van Heusen* v. *Charles*, 17 id., 584; *Wooster* v. *Sherwood*, 25 id., 280; *Huntington* v. *Mather*, 2 Barb., 538; *Otis* v. *Sill*, 8 id., 102; *Langdon* v. *Buel*, 9 Wend., 80; *Barrow* v. *Paxton*, 5 J. R., 258; *Camp* v. *Camp*, 2 Hill, 628; *Hanford* v. *Archer*, 4 id., 271.) No title to the feed passed to plaintiffs when Roche gave the receipt, as it was not specified, so that it could be distinguished from the other feed in the store. (*Gardner* v. *Suydam*, 3 Seld., 357; *Rapelyee* v. *Lawrence*, 6 Cow., 250.)

JOHNSON, C. If the instrument under which the plaintiffs claimed were a chattel mortgage, it would be void as against the right of Hunter, the creditor, whom the defendant, the sheriff, represents, inasmuch as the instrument had not been filed when the debt of Hunter was created. For this position the case of *Thompson* v. *Van Vechten* (27 N. Y., 581), is a direct authority. It was there held that the time when the creditor became such, fixed the rights of the parties. That a mortgage not then filed was void as to him, although he should not then be in a position at once to attack its validity. That an attachment against the property of a debtor places the attaching creditor and the officer executing the attachment, as representing the creditor's right in a position to impeach a mortgage as fraudulent, was adjudged in *Rinchey* v. *Stryker* (28 N. Y, R., 45), and in *Frost* v. *Mott* (34 N. Y. R., 253). At the trial the cause was disposed of upon this

view of the law, the judge holding the instrument to be a security in the nature of a chattel mortgage, if it had any legal operation. In this view of the character of the instrument, I think the learned judge was in error. A chattel mortgage is a present transfer of the title to the property mortgaged, subject to be defeated on payment of the sum or instrument it is given to secure. In default of performance by the mortgagor of the condition, the title of the mortgagee becomes absolute. (*Brownell* v. *Hawkins*, 4 Barb., 491; *Langdon* v. *Buel*, 9 Wend., 80; *Wilson* v. *Little*, 2 Coms., 443.) The instrument now in controversy, executed by Roche, declares the property mentioned in it to be held by him in his store for account of the plaintiffs, subject to their order, as security for his note given that day for $1,450. In the absence of fraud, every instrument is to be construed so that it may have effect according to the intention of the parties, if that can be consistently with the rules of law. Had the property in question been delivered by Roche to the plaintiffs on the terms expressed in this paper, it would have created a valid pledge and not a mortgage. (Story on Bailments, § 286; 4 Kent Com., 138; 2 Kent Com., 581, 582.) It may be considered as showing conclusively against Roche that the property was delivered by him to the plaintiffs, and redelivered by them to him to be held for them, according to the terms of the receipt. If there be any difficulty in maintaining this view, it may be supported on another ground.

I know of no authority denying the right of a party who has a contract for a pledge, ineffectual for want of delivery, to obtain a delivery at a subsequent time, and thus to validate the pledge. Upon general principles, the only obstacle which can prevent such a transaction from being effectual, must be the intervention of fraud. Certainly there is no rule of law which requires a pledge in writing to be filed as a chattel mortgage; nor is it consonant with any rules for the construction of statutes to borrow such a requirement as to pledges from the positive provisions which, when enacted, were introductive of a new rule, and which declared unfiled

chattel mortgages absolutely void as against creditors; nor is there any warrant for saying that because a chattel mortgage unfiled could not be afterward filed with the effect to cut off the right of an intermediate creditor to avoid it as under the statute conclusively fraudulent, therefore, a pledge of undelivered goods cannot be made effectual against an intermediate creditor by delivery, in the absence of fraud. Though a contract of pledge should be regarded, when unaccompanied by delivery, as within the other provisions of the statutes in regard to fraudulent conveyances and contracts as to personal property, the question of fraud then arising would be a question of fact upon which the party would have a right to go to the jury. In the absence of any intermediate right, the parties could perfect a written contract of pledge by subsequent delivery. Even between successive pledgees, without any communication with each other, that one who lawfully obtains possession, at the time of the pledge or subsequently, is entitled to be preferred according to the maxims "*in pari causa possessor potior haberi debet,*" and "*in æquali jure melior est conditio possidentis.*" (Story on Bailments, §§ 312, 313.)

A creditor who acquires a specific right to or lien on the thing pledged, may prevent the pledgee's interest in an undelivered chattel from attaching. But such is not the condition of the creditor at large.

The only ground on which he can claim to prevent the perfecting of such a right in the pledgee is that it works a fraud upon him. The transaction is not one which any statute calls fraudulent in itself, and its validity ought therefore to go to a jury. Of that right at least the plaintiffs were deprived by the ruling of the judge that this instrument was to be treated as a chattel mortgage, and absolutely void under the statute. On this ground the plaintiffs are entitled to a new trial, unless we are prepared to hold that the plaintiffs, as between themselves and Roche, were not entitled on either of the grounds above discussed to take possession of the property mentioned in the receipt remaining in his store on the fifth of January;

and also that Hause, the salesman and clerk of Roche, left in charge of his store, had no right to give possession of the property in question to the plaintiffs. As the case stands we are bound to assume the identity of the property then in the store with that mentioned in the receipt. (*Kimberly* v. *Patchin*, 19 N. Y., 330.) And if any further assent of Roche was necessary to authorize the plaintiffs to take possession, it was a question of fact whether Hause could not give it.

The judgment should be reversed and a new trial ordered. All concur.

Judgment reversed.