HEMAN D. M. MINER, RECEIVER, ETC., RESPONDENT, *v.*
CHARLES K. JUDSON, APPELLANT.

*Policy of insurance — when avoided by alienation of property insured — chattel mort-*
*gage taken back at time of sale — effect of.*

The defendant gave to a mutual insurance company, in consideration of a policy
issued on his property, his note for $165, payable in such amounts and at such
times as the company might direct. Subsequently defendant sold the property,
and took back a chattel mortgage to secure the purchase-money. The charter
of the company provided that upon any alienation of the property insured the
policy should become void, and should be surrendered to the company, and
that upon such surrender the insured should be entitled to receive his deposit
note upon paying his proportion of losses accruing prior to the time of surren-
der. *Held*, that the sale of the property avoided the policy, and that the
defendant was entitled to receive back his note.

*Savage* v. *Howard Ins. Co.* (52 N. Y., 502) followed.

APPEAL from a judgment in favor of the plaintiff, entered upon
the report of a referee.

In May, 1852, The Jamestown Farmers' Insurance Company
was incorporated under the act to provide for the incorporation of
insurance companies, passed April 10th, 1849, and had an office and
did business in Jamestown till May 3d, 1858, when its property
was sequestered for the payment of its debts, and in May, 1860,
the plaintiff was appointed receiver of all the effects of the said
company, and qualified and acted as such receiver.

On the 20th of August, 1853, said company, upon the applica-
tion of the defendant, insured his printing press, etc., for the sum
of $750, against loss by fire for the term of five years, and, in con-
sideration thereof, the defendant made and delivered his note to
said company for $165, to be paid in such portion or sums, and
at such time or times as the directors of said company, by their
charter or by-laws, should require. On the 8th day of Decem-
ber, 1853, the defendant sold the property that was mentioned
in the policy, to one Morris, and took from Morris a chattel
mortgage upon the same property, to secure the purchase-
price. The defendant also assigned the said policy absolutely
to Morris with the consent of the company, and by consent
of said company Morris assigned the policy to the defendant, as

collateral security for the payment of the amount secured by the mortgage, and at such time said Morris made and delivered to the company his note for $165, payable by its terms precisely as the note which the defendant had given the company, which note defendant supposed was accepted by the company in place of his note.    After the giving of the note by Morris, assessments were made by the company, for losses upon the Morris note, to the amount of $32.15, which were paid by Morris.    The note of the defendant was never taken up by him, and was delivered by the company to the receiver, who brought this action upon it.

Losses occurred in 1855, 1856, 1857 and 1858, which the company were liable to pay; and the court by its order directed the receiver to assess the notes held by him, and collect to pay the losses, and he did assess the note given by the defendant for such losses the sum of $96.25, but no loss happened within three years from the time of the defendant selling the property and the assignment of the policy to Morris.    This was a mutual insurance company, and by section 3 of its charter, all persons who insured, their heirs, administrators and assigns, became members of said company for the time they were insured, *and no longer.*

Section 13 provides, that when any property insured shall be alienated by a sale or otherwise, the policy shall thereupon be void, and be surrendered to said company, and upon such surrender the insured shall be entitled to receive his deposit note, upon his paying his proportion of the losses accruing prior to the time of surrender.    *    *    *    And that assessments are to be made against members of the company.  (Chap. 466, Laws of 1853.)  This case has already been before the General Term of the eighth district, where the judgment was reversed.*

*C. D. Murray,* for the appellant.

*Jenkins & Congdon,* for the respondent.

GILBERT, J.:

When this case was before the court on a previous appeal, the judgment against the defendant was reversed, and a new trial granted, on the ground that when the defendant (the assured) sold

---

* See Miner v. Judson, 2 Lansing, 300.

and alienated the property insured, the policy became void, and therefore he became entitled to a return of the note in suit. It had not then appeared, that, upon such sale of the subject insured, the defendant took back a chattel mortgage, to secure payment of the price. Upon the last trial, that fact was proved, and the referee gave such effect to it, as again to render judgment against the defendant. We think the referee erred. The legal effect of the sale by the defendant, was to vest the title in the purchaser. A complete alienation was then made. The chattel mortgage, given to the defendant by the purchaser, operated as a transfer of the title, subject to be defeated on payment of the sum it was given to secure. The title of the defendant under the mortgage, would become absolute only upon default in the performance of the condition.* The mortgagor held the equitable title to the property, and that would continue in him, until barred by a sale by judicial decree, or by lapse of time.† The principle asserted in the case of *Savage* v. *Howard Ins. Co.*, ‡ is decisive of the effect of the transaction referred to, and requires us to reverse the judgment appealed from.

Judgment reversed and a new trial granted, with costs to abide the event.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment reversed and new trial granted, costs to abide event.

* Parshall v. Eggert, 54 N. Y., 18.
† Aikins v. Hosley, 3 N. Y. Sup. Ct. R., 326; Porter v. Parmley, 52 N. Y., 188, and authorities cited.                                    ‡ 52 N. Y., 502.