## MINER v. JUDSON.

*Insurance — fire policy — sale and taking back mortgage avoids policy — premium note.*

It was provided in the charter of a mutual insurance company that, when any property insured should be alienated by sale or otherwise, the policy should be void, and, upon surrender thereof, the insured should be entitled to a return of the premium note. Defendant, who owned certain personal property which was insured, sold the same, taking back a chattel mortgage for the purchase-money. *Held*, that the policy was avoided, and defendant not liable on the note for assessments for losses thereafter occurring.

APPEAL by defendant from a judgment in favor of plaintiff, entered upon the report of a referee.

The action was brought in Chautauqua county, by Heman D. M. Miner, as receiver of the Jamestown Farmers' Insurance Company, against Charles K. Judson, upon a premium note given by defendant to said company, to recover the amounts assessed upon such note for losses which had accrued on policies issued by said company, which was a mutual insurance company, incorporated under chapter 308 of the Laws of 1849.

In August, 1853, said company issued to defendant a policy insur-

ing certain personal property owned by him, and defendant executed a premium note, whereby he promised to pay $165 "in such portions and at such time or times as the directors of said company may, agreeably to their charter and by-laws, require."

By the third section of the charter of the company it was provided that "all persons who shall insure with the said company, and also their heirs, executors, administrators and assigns, continuing to be insured in said company, as hereinafter provided, shall thereby become and continue members thereof during the period they shall remain insured by said company and no longer."

And by the thirteenth section it was provided that "when any property insured by this company shall be alienated, by sale or otherwise, the policy shall thereupon be void and be surrendered to said company to be canceled; and, upon such surrender, the assured shall be entitled to receive his deposit note upon the payment of his proportion of the losses and expenses that have occurred prior to such surrender, but the grantee or alienee having the policy assigned to him may have the same ratified and confirmed to him, for his own use and benefit, on giving proper security to the satisfaction of the directors for such portion of the deposit or premium note as shall remain unpaid, and by such ratification and confirmation the party causing such security to be given, shall be entitled to all the privileges and be subject to all the liabilities to which the original party, to whom the policy was given, was entitled and was subjected under this charter."

In December, 1853, defendant sold the insured property to one Morris, taking back a chattel mortgage for the whole purchase-money. At the time of the sale the company, by its secretary, indorsed upon the policy the following consent :

"The Jamestown Farmers' Insurance Company hereby consent that the interest of C. K. Judson, in the within policy, be assigned to B. F. Morris. We also consent C. K. Judson may, by arrangement with Mr. Morris, still hold the benefits to be derived from this policy as collateral security on a demand due him from said Morris, subject, nevertheless, to all the conditions therein contained."

Defendant thereafter assigned the policy to Morris, who assigned it back to defendant as collateral security for the payment of the debt secured by the mortgage.

Certain assessments for losses occurring after the giving of the

note by Morris, which were assessed thereon, amounting to $32.15, were paid by Morris.

The plaintiff was appointed receiver in 1860. In 1864 the receiver was ordered by the court, for the purpose of paying losses due on policies issued by the company, all of which had accrued subsequent to the sale by defendant, to make an assessment on the premium notes given to the company. Under this order he assessed upon defendant's note, which had not been given up, $96.25. This assessment was confirmed by the court, and the receiver ordered to collect the same.

The case has been, on a former appeal, argued at the general term, when most of the questions at issue were decided, and is reported in 2 Lans. 300. Such further facts as are material appear in the opinion.

*C. D. Murray*, for appellant.

*Jenkins & Congdon*, for respondent, cited, as to the effect of taking back the chattel mortgage, *Shuart* v. *Taylor*, 7 How. 251; *Fernandez* v. *Great Western Ins. Co.*, 3 Robt. 457; *Tallman* v. *Atlantic Ins. Co.*, 3 Keyes, 87; *Wolfe* v. *Security Fire Ins. Co.*, 39 N. Y. 49; *Sherman* v. *Niagara Fire Ins. Co.*, 40 How. 393; *Hitchcock* v. *N. W. Ins. Co.*, 26 N. Y. 68.

GILBERT, J. When this case was before the court on a previous appeal, the judgment against the defendant was reversed, and a new trial granted on the ground that, when the defendant (the assured) sold and alienated the property insured, the policy became void; and, therefore, he became entitled to a return of the note in suit. It had not then appeared that, upon such sale of the subject insured, the defendant took back a chattel mortgage to secure payment of the price. Upon the last trial that fact was proved, and the referee gave such effect to it as again to render judgment against the defendant.

We think the referee erred. The legal effect of the sale by the defendant was to vest the title in the purchaser. A complete alienation was thus made. The chattel mortgage given to the defendant by the purchaser operated as a transfer of the title subject to be defeated on payment of the sum it was given to secure. The title of the defendant under the mortgage would become absolute only upon

default in the performance of the condition. *Parshall* v. *Eggert*, 54 N. Y. 18. The mortgagor held the equitable title to the property, and that would continue in him until barred by a sale, by judicial decree or by lapse of time. *Atkins* v. *Hosley*, 3 N. Y. Sup. 326; *Porter* v. *Parmley*, 52 N. Y. 188, and authorities cited. The principle asserted in the case of *Savage* v. *Howard Ins. Co.*, 52 N. Y. 502, is decisive of the effect of the transaction referred to, and requires us to reverse the judgment appealed from, and grant a new trial, with costs to abide the event.

*Judgment reversed and new trial ordered.*