CAMP v. MEHRHOFF.

APPEAL taken by James J. Treanor, Frank P. Treanor and the Yale Safe and Iron Company, three of the defendants, from judgment entered in favor of the plaintiff, upon report of referee to whom it was referred to hear, try and determine the issues, the defendant, Mehrhoff, not joining in such appeal.

*Durnin & Hendrick* (*B. Yates*, of counsel), for defendants (appellants).

*H. M. Hitchings*, for plaintiff (respondent).

McADAM, J. Every contract is to be construed so that it may have effect according to the intention of the parties, if that can be done consistently with the rules of law. *Parshall* v. *Eggert*, 54 N. Y. 18. It is generally competent, and often indispensable, in the construction of contracts, to refer to the subject-matter and other circumstances, and consider what the parties saw and knew, in order to ascertain their meaning. *Clark* v. *New York Life Ins., etc., Co.*, 64 N. Y. 33. In interpreting agreements, courts should look at the surrounding circumstances, the situation and relations of the parties, and the subject-matter of their negotiations. *Bank of Montreal* v.

*Recknagel,* 109 N. Y. 482.   The referee, after availing himself of these side lights, put a construction upon the instrument consistent with the document itself and in harmony with the circumstances, the subject-matter and the relations of the parties to it.   The evidence satisfactorily sustains his findings on the facts as to these matters, and as there was a conflict in the proofs, there is no valid reason why the conclusions necessarily following from the facts found should be disturbed.   This applies as well to the rights and obligations of the parties in respect to the item of $866.66, allowed by the referee, as the plaintiff's right to the ten per cent commission, which, under the written agreement, according to the construction placed upon it by the referee, was to be paid whether the contract with the corporation of Long Island City "resulted in a profit or loss."   The other issues upon which the result depended were also the subject of conflicting evidence, and the referee's finding upon the facts being satisfactorily sustained by the proofs, should also be accepted as conclusive in respect thereto upon this review.   The facts are so numerous and depend for their intelligent understanding upon so many contingencies that a lengthy discussion of them in an opinion would hardly make interesting reading.   Suffice it to say that the facts established and found sustain the conclusion reached by the learned referee, and that the judgment entered upon his report must be affirmed, with costs.

FREEDMAN and GILDERSLEEVE, JJ., concur.
Judgment affirmed.