CAMP v. MEHRHOFF et al.

(Superior Court of New York City, General Term.    January 3, 1893.)

REFERENCE—FINDINGS—WEIGHT ON APPEAL.

> Where there is a conflict of evidence before a referee, but the evidence sustains his findings of facts, and his conclusions of law necessarily follow from such facts, his decision will not be disturbed.

Appeal from judgment on report of referee.

Action by William H. Camp against Nicholas Mehrhoff and others. From a judgment in favor of plaintiff, entered on the report of a referee, three of the defendants, James J. Treanor, Frank P. Treanor, and the Yale Safe & Iron Company, appeal.    Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Durkin & Hendrick, (B. Yates, of counsel,) for appellants.
H. M. Hitchings, for respondent.

McADAM, J.    Every contract is to be construed so that it may have effect according to the intention of the parties, if that can be done consistently with the rules of law.    Parshall v. Eggert, 54 N. Y. 18. It is generally competent and often indispensable in the construction of contracts to refer to the subject-matter and other circumstances, and consider what the parties saw and knew, in order to ascertain their meaning.    Clark v. Insurance Co., 64 N. Y. 33.    In interpreting agreements, courts should look at the surrounding circumstances, the situation and relations of the parties, and the subject-matter of their negotiations. Bank v. Recknagel, 109 N. Y. 482, 17 N. E. Rep. 217.    The referee, after availing himself of these side lights, put a construction upon the instrument consistent with the document itself, and in harmony with the circumstances, the subject-matter, and the relations of the parties to it.    The evidence satisfactorily sustains his findings on the facts as to these matters, and, as there was a conflict in the proofs, there is no valid reason why the conclusions necessarily following from the facts found should be disturbed.    This applies as well to the rights and obligations of the parties in respect to the item of $866.66, allowed by the referee, as to the plaintiff's right to the 10 per cent. commission, which, under the written agreement, according to the construction placed upon it by the referee, was to be paid whether the contract with the corporation of Long Island City "resulted in a profit or loss."    The other issues upon which the result depended were also the subject of conflicting evidence, and the referee's finding upon the facts, being satisfactorily sustained by the proofs, should also be accepted as conclusive in respect thereto upon this review.    The facts are so numerous, and depend for their intelligent understanding upon so many contingencies, that a lengthy discussion of them in an opinion would hardly make interesting reading.    Suffice it to say that the facts established and found sustain the conclusion reached by the learned referee, and that the judgment entered upon his report must be affirmed, with costs.    All concur.