WILLIS E. BABCOCK, Plaintiff, *v.* WALTER H. EDSON, as Trustee in Bankruptcy of the Hill Piano Company, Defendant.

(County Court, Chautauqua County, September, 1913.)

Pledge — what constitutes a valid pledge — when instruments pledged as collateral security — bankruptcy.

Where two pianos in defendant's place of business were pointed out to plaintiff as the instruments pledged as collateral security for a present loan, and a card was attached to each upon which were written words indicating that the pianos were the property of plaintiff, and they were set aside and remained in defendant's wareroom until after it had made a general assignment, the transaction constituted a valid pledge and plaintiff was entitled to recover possession of the pianos from defendant's trustee in bankruptcy.

ACTION to recover possession of chattels pledged as security for a loan.

Eleazor Green, for plaintiff.

A. Frank Jenks, for defendant.

OTTAWAY, J.    This action is to recover the possession of two pianos; the complaint alleging that these pianos were pledged by the Hill Piano Company to the plaintiff as security for a loan of $500.

The issue is defined by the pleadings and the question presented arises upon a motion by the plaintiff for judgment upon the pleadings.

The following facts are fairly deducible from the pleadings presented and the argument of counsel upon the motion:

In June, 1912, the Hill Piano Company, a domestic

Misc.]    County Court, Chautauqua County, September, 1913.

corporation engaged in the sale of pianos and other musical instruments at Jamestown, Chautauqua County, N. Y., being in need of money applied to the plaintiff for a loan of $500, which was procured of the plaintiff, at the same time executing an instrument of which the following is a copy:

" $500.00          JAMESTOWN, N. Y., *June* 24, 1912.

" Two months after date we promise to pay to Willis E. Babcock or order at office of Hill Piano Company Five Hundred Dollars, for value received, having deposited with said Willis E. Babcock as Collateral Security, for the payment thereof, Pianos one Krell Auto Player No. 42093 and one Braumuller Player No. 14372 which leases or any part or portion thereof, we hereby authorize said Willis E. Babcock to sell without notice, at public or private sale, at the option of said Willis E. Babcock in case of the non-performance of the above promise, applying the net proceeds to the payment of this note, including interest, accounting to us for the surplus, if any.  In case of deficiency, we promise to the said Willis E. Babcock the amount thereof forthwith after such sale, with interest.

"And it is hereby agreed and understood, that if any recourse is had to the collaterals, any excess of collaterals upon this note shall be applicable to any other note or claim held by said Willis E. Babcock against us and in case of any exchange of, or addition to, the collaterals above named, the provisions of this note shall extend to such new or additional collaterals.

" HILL PIANO COMPANY,
"By EARL H. HILL, *President.*"

At the same time the Hill Piano Company had in its possession in its wareroom with other musical instruments two player pianos.  At the time of the loaning of the money and the execution of the instrument afore-

said, these pianos were pointed out to the plaintiff as the pianos upon which security was given and a card was attached to and suspended from each piano by a string upon which were written the words "Property of Willis E. Babcock," meaning the plaintiff. The pianos were numbered, having the same number as the numbers in the instrument aforesaid, executed by the Hill Piano Company. The pianos were designated and set aside and remained in the warerooms of the Hill Piano Company until and after a general assignment made by the Hill Piano Company to Claire E. Pickard, assignee for the benefit of creditors, who assumed to take possession of them in opposition to the demand and protest of the plaintiff.

Thereafter the Hill Piano Company was adjudged a bankrupt and the defendant was duly appointed trustee in bankruptcy.

Thereupon said trustee likewise assumed possession of said pianos contrary to the demand and protest of the plaintiff.

The precise question presented by the parties hereto is whether the acts alleged in the complaint and answer constituted a pledge of these pianos.

The defendant trustee occupies the same position as the bankrupt and if the acts at the time of the transaction amounted to a valid pledge as to the Hill Piano Company said pledge is valid as against the trustee and the plaintiff is entitled to recover in this action.

The rule is well established that delivery of possession is indispensable to a pledge of personal property, indeed possession is the essence of a pledge; while this is the general principle, frequently there is difficulty in determining in a given case whether possession was in fact passed to the pledgee, as was stated in the case of Ward v. First National Bank, 29 Am. Bank Rep. 317: "Oftentimes this may be a question

of much complexity, its solution depending upon a correct interpretation of conflicting evidence. Delivery of possession may be made symbolically; * * *. Speaking generally, the question of possession may largely depend upon the intention of the parties dealing in good faith and upon the nature and the location of the property itself. Also the circumstances of the entire situation may be considered.''

This same principle has been enunciated by the courts in many cases and under different circumstances. The circumstances of each case must determine the validity of a pledge.

In the case at bar there seems to be no question as to the good faith of the transaction. The money was actually advanced by the plaintiff at the request of the Hill Piano Company, relying upon the strength of the security offered.

There can be no question of the intention of the parties to this instrument to create a pledge of the security proposed.

The only question presented is whether the acts were sufficient in law to create the condition sought by the parties.

Under all the circumstances of this case the court is of the opinion that the acts alleged in the complaint and answer constituted a valid pledge. The articles pledged were bulky, not easily transported, requiring considerable space for storage and were of a class not requiring change of position. They were stored in a public wareroom and by the acts of the parties designated as the property of the pledgee, the plaintiff in this case.

Voluminous briefs have been submitted by the attorneys for the respective parties, citing many cases for the consideration of the court in the determination of the question involved in this case.

As was said in Bush v. Export Storage Co., 14 Am. Bank Rep. 138: "A study of more recent cases discloses what is always recognized — that the law itself, in order to meet the requirements of commerce and our constantly changing industrial and commercial conditions, is progressive and expansive, and constantly by slow changes adapting itself to the changed conditions due to progress, and in this way the earlier and more stringent rules are constantly being liberalized and somewhat relaxed. It is now well established, for example, that, in determining the sufficiency of delivery in a pledge, it is necessary to consider the nature of the property, the surrounding circumstances, and the objects of the pledge, and the reasonable convenience of the pledgor and pledgee, and the apparent demands of larger aggregations of capital and large operations in business. It is settled that there need not in all cases be an actual moving property, but only such a delivery as the property is reasonably capable of, and as is reasonably suitable under the circumstances. In the case of property of much weight or bulk, moved or transferred with difficulty and expense, a symbolical or constructive delivery has become the rule in almost all cases, instead of an actual delivery; and for much the same reasons the strict necessity of segregation is slowing disappearing, and the validity of substitution is very well settled. It is well settled that, where property is stored in a warehouse, the owner may pledge it by transferring to the pledgee the warehouse receipts — this being a symbolical delivery of the property — and it will give the pledgee such special property in the goods as will entitle him to recover possession." See, also, Parshall v. Eggert, 54 N. Y. 18; Sexton v. Kessler & Co., 28 Am. Bank Rep. 87; Clark v. Costello, 79 Hun, 590; First National Bank of New Kensington v. Pennsylvania

Trust Co., 10 Am. Bank Rep. 782; Macauley v. Hopkins, 35 Hun, 556.

Possession of the pianos in question is awarded to the plaintiff, with costs of this action.

Judgment for plaintiff.