GEORGE T. STEARNS, Respondent, *v.* CYRUS W. FIELD, Appellant.

When the testimony of an expert is proper, counsel may ask a hypothetical question, assuming the existence of any state of facts which the evidence fairly tends to justify.

An error in the assumption does not make the interrogatory objectionable, if it is within the possible or probable range of the evidence.

*It seems* that such a question is not improper, because it includes only a part of the facts in evidence.

The party upon whom rests the burden of proof as to an issue in an action is not bound to establish it beyond a reasonable doubt; it is sufficient if his evidence preponderates, although not free from doubt; all that is required of him at the beginning is to give competent evidence sufficient, if undisputed, to establish the truth of his averments.

(Argued June 6, 1882 ; decided October 17, 1882.)

THE nature of the action and the material questions presented in this case appear in the following extracts from the opinion :

" The complaint exhibited a claim for ' fair and reasonable compensation' for services rendered the defendant at his request, and upon the trial sufficient evidence was produced to call for its submission to the jury. Their verdict does not exceed the sum proven, but it was established by the

opinions of witnesses answering a question objected to by the defendant ' as being purely hypothetical, assuming facts not proved.' It should be observed that neither the competency of the witness, nor the propriety of that mode of proof, was disputed. These topics, therefore, are not before us, and our inquiry is to be limited by the ground taken by counsel, viz. : ' the question assumed what had not been proved.'

"It is well settled that when the testimony of experts is proper, counsel may assume the existence of any state of facts which the evidence fairly tends to justify. ( *William T. Filer* v. *The New York Cent. R. R. Co.*, 49 N. Y. 42.) In *Cowley* v. *The People* (83 id. 464), the point was distinctly presented, and the court said : ' The very meaning of the word (hypothetical) is that it supposes, assumes something for the time being.' The facts are assumed for the purposes of the question, and unless they are found by the jury to be as assumed, the opinion called for can have no weight. A striking illustration of the extent to which the rule is carried is found in *Harnett* v. *Garvey* (66 N. Y. 641), where it is held that an error in the assumption does not make the interrogatory objectionable, if it is within the possible or probable range of the evidence.

" Within the principle on which these decisions stand the appellant fails."

After a discussion of the evidence to show that the questions were justified, the opinion continues.

" It is now argued by the appellant that the question is defective in that it did not state enough. This objection was not made at the trial. If, in the opinion of the counsel, there was evidence other than that supposed proper for the witness to consider, his attention should have been called to it upon cross-examination. Such a question is not improper, because it includes only a part of the facts in evidence. (*Mercer* v. *Vose*, 67 N. Y. 56.) "

" The appellant urges, however, that error was committed by the learned trial judge in refusing to charge as requested. The requests have been carefully examined. They were apparently made before the charge, and in most instances are covered by it. Other requests involve questions of fact which could only

be determined by the jury, and could not be assumed by the judge. Only one invites especial attention. The trial judge was asked to say ' that the plaintiff has the affirmative of the issue, and the burden of proof is upon him, and unless his claim is made good beyond a reasonable doubt, the verdict should be for defendant.' The judge charged as requested as to the affirmative of the issue and the burden of proof, but declined to charge the other proposition. In this he is sustained by the general current of authority, which has been thought to require the triers of fact in civil cases to give a verdict to the party in whose favor the evidence preponderates, although it be not free from doubt. (*N. Y. Guaranty and Indemnity Co.* v. *Gleason*, 78 N. Y. 503–513; 3 Greenleaf on Evidence, § 29; *Newis et ux.* v. *Lark and Hunt*, 2 Plow. 412.)

The plaintiff, at the beginning, must by evidence, competent and sufficient, if uncontradicted, establish the truth of his averments. In this instance the defendant, by going without objection into evidence on his part, conceded the sufficiency of the plaintiff's case, and when that evidence was in, it was for the jury to decide the issue, and thus determine the rights of the parties. There was no presumption in favor of one or the other ; but in criminal cases the presumption of innocence of the defendant entitles him, in case of doubt, to a verdict. The court had already called the attention of the jury to the conflicting evidence of the contending parties, and directed them to determine whether the services for which the plaintiff claimed, had in fact been rendered to the plaintiff, and upon what consideration. The charge was sufficient and the exception not well taken."

*David Dudley Field* for appellant.

*Francis C. Barlow* for respondent.

DANFORTH, J., reads for affirmance.
ANDREWS, Ch. J., MILLER and FINCH, JJ., concur.
RAPALLO, EARL and TRACY. JJ., dissent.
Judgment affirmed.