The petition in this case asks damages for the death of Peter Quincy, who is alleged to have been fatally hurt through the negligence of the defendant. On October 27, 1902, the man was driving along Morris Place about 7 p. m., when his horse ran into an obstruction in the street upon which there was no red light or other warning of danger. The wagon was overturned and fell upon Quincy’s leg. His leg and his head were hurt by the fall. His leg was not hurt very seriously, but he had pains in his head, sometimes severe, from the time he was hurt until his death. On December 11, 1902, forty-five days after his injury, he had what his physicians said was a stroke of apoplexy. On December 17, 1902, fifty-one days after his injury, he died.
Three distinguished physicians called by the city testified that Quincy could not have died from apoplexy, because apoplexy never results from concussion. They said, that brain lesion is the result of concussion, but the symptoms of brain lesion appear immediately after the injury to the head.
*677 Relying evidently upon the testimony of these eminent physicians, the jury returned a verdict for the defendant.
The statements of these three physicians that apoplexy may result from uremia, excitement, over-eating, over-drinking, senility, etc., but never from concussion, and that apoplexy is often confounded with brain lesion, were all brought out by a hypothetical question which informed t these experts, among other particulars, that Quincy first complained of pains in his head on November 21, 1902, a period of twenty-five days after his injury; that is, the hypothetical question contains the statement that “on the 21st of November he complained of headache,” which, of course, means that he complained then for the first time.
As is said above, the fact is, Quincy had pains in the head from the time of the accident until his death, so that this statement in the hypothetical question is contrary to the undisputed evidence. Basing their opinion upon the hypothetical question containing this incorrect statement, these three physicians called by the city testified to the effect that the chance of Quincy’s death being the result of the fall was so remote as to be almost an impossibility. How far these experts erred in their conclusion by reason of this mistake in the facts presented to them is not for a layman to say; but their opinion was of no value to the jury under the circumstances, and the question should not have been permitted. Had these physicians been informed of the true state- of facts with reference to Quincy’s head, it is not improbable that they would have stated, if it be true that concussion can not cause apoplexy but may cause brain lesion, that Quincy died from brain lesion, and that his two doctors simply made a mistake in giving apoplexy as the cause of his, deathj' since the two are often confounded. Quincy died from some sort of brain trouble, although he was a healthy man before his injury, and these physicians might have thought there-was some connection between the cause of his death and the accident had they been correctly informed as to the facts in the case.
A certain amount of latitude must be allowed in putting a hypothetical question. A question is not improper simply be *678 cause it includes only a part of the facts in evidence (Stearns v. Field, 90 N. Y., 640). Furthermore, counsel may assume the facts in accordance with his theory of them if supported by the evidence of some of his witnesses, and the court should not reject the question on the ground that in his opinion such facts are not established by a preponderance of the evidence (Quinn v. Higgins, 63 Wis., 664). But if the hypothetical question contains material exaggerations of the facts and is unwarranted by^any testimony in the case, it is improper and should not be allowed (Williams v. Brown, 28 O. S., 547).
The hypothetical question before us is, in our opinion, unwarranted by any testimony in the case. It was not only improper in the respect already mentioned, but there were other objections to it. The question is here given in full:
‘ ‘ Doctor, assume that the deceased was a colored man of fifty-six to fifty-seven years of age; that he had had apparently good health all of his life up to the illness which caused his death; that on the 27th of October, 1902, he had a fall from a spring wagon, on the street; that this fall caused a slight scratching of the skin; that it was treated only by washing and by an application of vaseline; that there was no fracture of the skull, and no treatment by the attending physician except for a slight fever; that there was an injury to the leg which caused the deceased' to be laid up for eight or ten days, but which had no bearing on the cause of death; that after the recovery of the leg wound, decedent got up and went about his business; that on the 21st of November he complained of headache and was given treatment for that; that he was up and about attending to his business as janitor until the 11th day of December, when he went to bed, and showed some symptoms of stupor or paralysis of speech; that he was in a comatose condition from the 11th of December to the 17th of December, on which day he died; that there were no convulsions, that there was no apparent paralysis or paresis of the muscles; that there was no difference in the pupils; that the reflexes were normal; that there was no fever; that there was no incontinence of the feces or urine and no history of heart lesion; that death ensued forty-five days after the injury described; what, if any, connection was there between the injury of October 27th and the cause of death?”
As will be seen from the question, the statement is made that Quincy “had a fall., from a spring wagon on the street”; the *679 fact was that the wagon upset and fell upon his leg. Then comes the statement, “that this fall caused a slight scratching of the skin”; the fact was that the man’s head was badly hurt. There are other points in this question also, without going farther, which are objectionable; but enough has been pointed out to show that the question in some respects was not warranted by any testimony in the case.
For the reason given we are of the opinion that there was prejudicial error in overruling plaintiff’s objection to this question.
In its general charge, the court, speaking of the testimony of the experts in answer to the hypothetical questions, used the following language:
“If the question with this statement of fact put to the witness, upon which he expresses his opinion, does not embody the facts as you find them to have been established by the testimony, then the opinion is of little, if any, value in determining the issues in this case.”
This instruction in our opinion was not correct. Rogers on Expert Testimony, Section 32, says:
“It is proper to instruct the jury to disregard the opinions of expert witnesses, based on hypothetical statements of facts, in case they find the hypothesis not in accordance with the facts. ’ ’
It will not do under such circumstances to tell the jury that the opinion of the expert is of lit lie value; they must be told that the opinion is of no value.
In New Jerusalem Church v. Crocker, 7 C. C., 327, 333, the court says:
“The jury should have been instructed that if they were of the opinion that any fact assumed by the witness, as the basis of his opinion, was not established by the evidence, they should regard his opinion as of no value, unless his testimony shows that such fact affected only the confidence with which the opinion was held. ’ ’
In Sharkey v. State, 4 C. C., 101, 103, the following charge of the court below was held to be error:
William C. McLean and D. L>. Woodmansee, for plaintiff in error.
John V. Campbell, for defendant in error.
,“I need hardly remind you that an opinion based upon a hypothesis incorrectly assumed, or incorrect in its material facts, and to such an extent as. to impair the nature of the opinion, is of little or no weight.”
Again, in West v. Knoppenberger, 4 C. C.—N. S., 305, it was held to be. error to give the following charge:
“ If a question or statement of facts put to the witnesses upon which they have expressed an opinion, do not embody the facts as you find them to have been established by the testimony, then the opinion of said experts is of little, if any, value in determining the question in the case.”
A very full discussion of the subject will be found in this latter case.
We think that this error in the charge was prejudicial to -the plaintiff, and for the reasons given the judgment of the court below is reversed, and the verdict set aside.