## STATE v. LOECHNER.

No. 2663.   Decided January 27, 1915; Rehearing denied May 2, 1915
(148 Pac. 363).

1. CRIMINAL LAW—EVIDENCE—OPINION—HYPOTHETICAL QUESTION—EMBODIMENT OF ENTIRE EVIDENCE. In a prosecution for homicide it was no objection to the admission of an insanity expert's testimony that the hypothetical question which elicited it did not embody the whole theory of the case as exhibited in evidence, since counsel for the prosecution is not limited to the theory of the defense, but may adopt a theory of his own and base his question on it, provided he embodies sufficient evidence to enable the expert to give an intelligent and practical opinion.[1] (Page 623.)

2. CRIMINAL LAW—MOTION FOR NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CHARACTER. Where the affidavits in support of a motion for new trial for newly discovered evidence did not contain specific statements of evidence, the denial of the motion was proper. (Page 623.)

[1] Palmquist v. Mine & Smelter Co., 25 Utah 257; 70 Pac. 994.

3. CRIMINAL LAW—MOTION FOR NEW TRIAL—NEWLY DISCOVERED EVIDENCE—NONRESIDENCE OF WITNESSES. Where affiants, in support of a motion for new trial in a prosecution for homicide, were all nonresidents of the state, it not being made to appear that their testimony would be available in legal and proper form for use upon a second trial, the denial of the motion was proper. (Page 623.)

Appeal from District Court, Fifth District; *Hon. J. Greenwood*, Judge.

George G. Loechner was convicted of manslaughter. He appeals.

AFFIRMED.

*W. B. Higgins* for appellant.

*A. R. Barnes*, Atty. Gen., and *E. V. Higgins* and *G. A. Iverson*, Asst. Attys. Gen., for the State.

FRICK, J.

The appellant was charged with the crime of murder in the first degree, and upon a trial was convicted of voluntary manslaughter, was sentenced to a term of imprisonment, and appeals.

The evidence adduced at the trial is all preserved in a bill of exceptions. We have carefully examined it, and, without going into details, it must suffice to say that it is ample to sustain the verdict and judgment. Appellant's counsel has, however, assigned and argued eleven distinct alleged errors. Eight of those relate to objections to questions which were propounded either by appellant's counsel or by the prosecutor to some of the witnesses, either on direct or cross examination. Upon those objections the rulings of the court were all adverse to appellant's counsel, and hence his assignments. We have examined all of the obejctions referred to and the rulings thereon, and, after doing so, are convinced that while the court might well have permitted answers to at least some of the questions propounded by counsel for appellant, and especially those on cross examination, yet we are clear that no possible harm could have resulted to appellant by reason of

the rulings of the court in that regard. This is also true with regard to appellant's objections, which the court overruled, to questions propounded by the attorney for the state. No useful or practical purpose could be subserved by setting forth the questions, objections, or rulings referred to, and hence we shall refrain from doing so.

The next assignment relates to an objection interposed by appellant's counsel to an hypothetical question propounded to a certain doctor, who was called to testify as a medical expert. Appellant, as a part of his defense, relied upon insanity, and introduced some evidence upon that subject. The State, in rebuttal, produced the doctor aforesaid, and the State's Attorney framed and propounded to him the hypothetical question referred to. Counsel for appellant objected to the question upon the ground that it did not sufficiently cover or reflect the evidence before the court and jury to permit the doctor to express an opinion upon the subject inquired into. While it is true that the question is not as skillfully framed, nor as comprehensive, as it might have been yet the doctor's answer or opinion, based on the facts enumerated in the question, in no way could have prejudiced the rights of appellant. It is not the law, as assumed by counsel for appellant, that an hypothetical question is improper for the sole reason stated by him, namely, that it does "not embody the whole theory of the case." The state's attorney was not required to limit himself to appellant's theory of the case, but the law authorized him to propound questions upon his own theory of the case, and, in doing so, all he was required to do was to embody sufficient of the evidence produced before the jury to cover such theory and to enable the expert to base an intelligent and practical opinion upon the subject inquired into. See *Palmquist* v. *Mine & Smelter Co.*, 25 Utah 257; 70 Pac. 994. We are clearly of the opinion that appellant suffered no prejudice by the ruling of the court in permitting the doctor to answer the question.

It is next contended that the court erred in not granting appellant's motion for a new trial upon the ground of newly discovered evidence relating to the question of his sanity. A number of affidavits were filed by appellant

in support of this ground of the motion for new trial. We have examined all of the affidavits, and have carefully considered the facts set forth therein, and after doing so, we are not convinced that the district court committed prejudicial error in refusing to grant the motion for a new trial. The statements in the affidavits are far from being of that specific character which ordinarily is required to authorize the granting of a new trial upon the ground of newly discovered evidence. Nor can we say that if all that is stated in the affidavits were produced before another jury the result would probably be different. All of the affiants, except appellant's counsel and a certain physician, are nonresidents of this state, and there is absolutely nothing made to appear that their testimony could or would be obtained or obtainable in legal and proper form to be used upon another trial if one were granted. Besides, the physician merely states in his affidavit that "he is gravely in doubt of the sanity" of the appellant. Considering all of the statements contained in the affidavits and the surrounding facts and circumstances, we cannot say that the court erred in overruling the motion for a new trial in this case.

Finally it is contended "that the jury disregarded the evidence and the instructions of the court and rendered a verdict against law and contrary to the evidence." We, as we always do in cases of murder, have examined the instructions of the court to the jury, although no exceptions were taken thereto. While the instructions in one or two instances might have been made clearer, yet we can find nothing that is stated therein, or omitted therefrom, from which we can say appellant suffered prejudice. Upon the question that the verdict is against the evidence, we cannot agree with counsel's conclusion. We think the evidence is ample to sustain the verdict.

Appellant was fairly tried, ably defended, and, in the light of the whole record, we think the jury arrived at a fair, just, and proper result. The judgment, therefore, should be affirmed. Such is the order.

STRAUP, C. J., and McCARTY, J., concur.