PENNZOIL COMPANY, Appellant-Respondent, v GEORGE A. CARLSON, Respondent-Appellant. (Appeal No. 1.)—Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Plaintiff Pennzoil Company appeals and defendant Carlson cross-appeals from a judgment awarding Carlson a net recovery in the amount of $1,050,983.88. That judgment was based on a jury verdict as follows: (1) awarding Pennzoil $205,042.52 on its claim to enforce a promissory note; (2) awarding Carlson $700,000 compensatory damages on his counterclaims alleging Pennzoil's fraud and negligent representation; (3) awarding Carlson $280,000 punitive damages on those claims; and (4) finding in favor of Carlson on his claim that Pennzoil violated the Federal Petroleum Marketing Practices Act (PMPA; 15 USC § 2801 *et seq.)* but awarding no damages on that claim. The judgment also incorporates the court's posttrial ruling that Carlson was not entitled to exemplary damages and attorney's and expert's fees under the PMPA. Upon our consideration of the appeal and cross appeal, we conclude that each party raises meritorious claims compelling us to set aside the jury awards and order a new trial of Pennzoil's claim on the note and Carlson's counterclaims.

The court erred in excluding relevant evidence adduced by Pennzoil. The crux of Pennzoil's defense to the counterclaims was that Carlson had an adequate alternative source of supply of gasoline but no customers. There is no reason that Penn-

zoil's experts should not have been permitted to refer to, summarize, and comment upon Carlson's purchases from Arco, or his lack of purchases due to reduced demand. The rule is that an expert witness may express an opinion based on facts of which he has personal knowledge (Richardson, Evidence § 369 [Prince 10th ed]) or " 'facts which the evidence fairly tends to justify' " *(id.,* § 370, at 347, quoting *Stearns v Field,* 90 NY 640, 641; *see generally, Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 725-726). "It is not necessary that the facts be established beyond all controversy; each side may shape its question according to its own theory" of the case (Richardson, *op. cit.,* § 370, at 347). By excluding the references to Carlson's purchases of Arco gasoline, the court's ruling had the effect of making Carlson's business appear to be much smaller than it actually was, thus exaggerating Carlson's claim of damages. Pennzoil also was improperly prohibited from placing before the jury the fact that Carlson was doing substantial business with Arco until declining demand rendered him unable to satisfy his purchase obligations from that alternative supplier.

The court erred further in excluding a letter that Pennzoil sought to introduce in order to prove, in Carlson's own words, that Carlson's business reversals were caused by lack of demand for his products, not an insufficient supply. Hypothetical or tentative admissions made in the course of settlement negotiations are inadmissible in an action arising out of that dispute *(see, id.,* § 225, at 201). Here, however, the letter was not sent, nor were the factual admissions contained therein made, as part of an offer to settle. Thus, the letter should have been admitted into evidence for the jury's consideration.

As a consequence of the court's erroneous evidentiary rulings, Pennzoil is entitled to a new trial on Carlson's counterclaims. Moreover, because the jury awards on the main claim and the counterclaims are inconsistent and cannot both be sustained, retrial of the main claim is required together with retrial of the counterclaims. Pennzoil's claim is that Carlson breached his obligation to pay on the note. On the other hand, Carlson's counterclaims allege that he was fraudulently or negligently induced to make the note by Pennzoil's promises. In our view, those theories are repugnant and both parties cannot prevail. On retrial, the court should charge the jury concerning the inconsistency of the claims, and should instruct the jury that it may sustain the main claim, or the fraud-negligent representation counterclaims, but not both.

The court erred in failing to consider Carlson's claim for

exemplary damages and fees under the PMPA. As a ground for denying Carlson's application, the court held that Carlson waived such relief by failing to request the jury to award it. Under the statute, however, whether and to what extent to award exemplary damages is determined by the court, not the jury (15 USC § 2805 [d] [2]). Further, contrary to Pennzoil's contention, a franchisee "prevails" on a PMPA claim where, as here, the jury has found that the franchiser violated the statute. It is not necessary that the franchisee be awarded compensatory damages before becoming entitled to an award of exemplary damages or fees (see, Lippo v Mobil Oil Corp., 776 F2d 706, 720; Midwest Petroleum Co. v American Petrofina, 603 F Supp 1099). Therefore, the court was bound to consider whether and to what extent Carlson was entitled to exemplary damages and attorney's and expert's fees under the statute. (Appeals from Judgment of Supreme Court, Chautauqua County, Ricotta, J.—Breach of Contract.) Present—Denman, P. J., Callahan, Balio, Lawton and Davis, JJ.