BENJAMIN S. CLARK, as Receiver of the Property of JOSEPH L. GILBERT, Appellant, *against* JOSEPH L. GILBERT *et al.*, Respondents.

(Decided January 4th, 1882.)

A mortgage of chattels, which is not accompanied by immediate delivery and not followed by actual and continued change of possession of the things mortgaged, if not filed as required by L. 1833, c. 279, is void, as against the simple contract creditors of the mortgagor, as well as against judgment creditors.

An action to set aside such a mortgage may be maintained by a receiver of the property of the mortgagor appointed in proceedings supplementary to execution against him under Code of Civ. Pro. c. 17, tit. 12, art. 2, notwithstanding the mortgage was duly filed before the appointment of the receiver, if it was not so filed before the service upon the mortgagor of the order requiring him to appear and be examined as a judgment debtor in the proceeding in which the receiver was appointed; and even though the mortgage was executed and delivered before the enactment of the

Clark *v.* Gilbert.

provisions of the Code referred to, by which the title of such a receiver is made to relate back to the time of the service of such order.

APPEAL from a judgment of this court entered upon the dismissal of a complaint.

The action was brought by the plaintiff, as the receiver of the property of the defendant Joseph L. Gilbert, appointed in proceedings supplementary to execution against the latter, to set aside the chattel mortgage made by him to his co-defendant, William R. Gilbert, and to recover possession of the mortgaged goods. At the trial the complaint was dismissed, and judgment was entered thereupon in favor of the defendants, adjudging the mortgage to be a valid lien, and for the costs of the action. From the judgment the plaintiff appealed.

*Hull & Meyers,* for appellant.

*Charles H. Mundy,* for respondents.

J. F. DALY, J.—The mortgage in question was executed April 1st, 1880. It was not accompanied by immediate delivery and was not followed by actual and continued change of possession of the things mortgaged, and was not filed until March 17th, 1881, a period of nearly twelve months after its execution. It was therefore absolutely void as against the creditors of the mortgagor (L. 1833, c. 279).

The creditors intended by the section are not only judgment creditors, but such as were simple contract creditors when the mortgage was executed, and such as became or continued to be creditors of the mortgagor during the period that the goods remained in his possession and before the mortgage was actually filed (*Thompson* v. *Van Vechten*, 27 N. Y. 568; *Parshall* v. *Eggert*, 54 N. Y. 18; *Dutcher* v. *Swartwood*, 15 Hun, 33; *Fraser* v. *Gilbert*, 11 Hun, 637).

The judgment creditor, Ralph J. Bush, had supplied the mortgagor with meat from May 31st, 1877, to April 30th, 1880,

on which date there was a balance due, and he recovered judgment for it on December 21st, 1880, in the sum of $327.15. He was, therefore, a creditor within the meaning of the act, and the mortgage, being unfiled, was void as to him; and when he obtained his judgment and issued his execution, he was in a position to attack its validity and became entitled to do so (*Thompson* v. *Van Vechten* and *Parshall* v. *Eggert*, supra).

The plaintiff in this action was appointed receiver of the goods and property of the mortgagor in proceedings taken by the judgment creditor Bush, under his said judgment, and may enforce for the latter's benefit all the provisions of the statute. It was held in *Gardner* v. *Smith* (29 Barb. 74), that where a mortgage was a valid lien (being duly filed) at the time of the appointment of the receiver, he could not take advantage of a subsequent failure to file a copy as provided by the statute, because he took, by virtue of his appointment, only the property which the mortgagor then had,—which was an equity of redemption,—and the subsequent failure of the mortgagee to renew the mortgage did not enlarge the receiver's interest nor the creditor's rights.

In this case, however, the receiver's title to the property vested before the mortgage was filed. The order for the examination of the judgment debtor was served on March 8th, 1881. The mortgage was not filed until March 17th. The receiver's title extends back for the benefit of the judgment creditor so as to include the personal property of the judgment debtor at the time of the service of the order (Code Civ. Pro. §§ 2468, 2469). At the date when the receiver's title thus vested, the mortgage was void as to the judgment creditor Bush, for want of filing, and so far as Bush was concerned, and the receiver, whose title extended back for his benefit, the mortgage was as if it had not existed.

The sections in question, being part of article 2, title 12, chapter 17 of the Code of Civil Procedure, were in force when the order for examination was served, and they governed the proceedings thereunder, including the appointment of the receiver, the extent of his title, and the rights obtained by

the judgment creditor by his appointment; and those sections necessarily apply in this case although the mortgage was executed prior to their enactment. They did not affect the validity of the mortgage, for that was void by the statute when the sections were enacted, and so continued long after they were in force.

The new Code, by providing that the title of the receiver should relate back to the commencement of the supplemental proceedings, enlarged the judgment creditor's remedy, but did not make that security void which would otherwise be valid, and therefore affected no right of the mortgagee. He could have filed his chattel mortgage in time and secured his debt.

The judgment should be reversed and a new trial ordered with costs to abide the event.

Van Hoesen, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.