### VREELAND *v.* PRATT, Sheriff.

*(Supreme Court, General Term, Fifth Department. January 22, 1892.)*

1. CHATTEL MORTGAGES—VALIDITY.
   In an action where the validity of a chattel mortgage was disputed, the question whether there was an agreement between the mortgagor and mortgagee contemporaneous with the mortgage, that the mortgagor might deal with the goods mortgaged as his own, was properly submitted to the jury, with the instruction that, in the absence of such an agreement, the mortgage was not rendered void by the fact that the goods were so dealt with.

2. SAME—FAILURE TO RECORD—EFFECT AS TO OTHER CREDITORS.
   A creditor whose debt accrued before a chattel mortgage was given is entitled to the protection of Laws 1833, c. 279, § 1, providing that every chattel mortgage not accompanied by immediate delivery, and followed by an actual and continued change of possession of the goods mortgaged, shall be void as against creditors of the mortgagor, unless filed in the proper office.

Appeal from circuit court, Cattaraugus county.

Action by Oliver S. Vreeland against Mortimer N. Pratt, sheriff. From a judgment for plaintiff entered on a verdict, and from an order denying a new trial, defendant appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*D. Hays,* for appellant.   *C. D. Davie,* for respondent.

DWIGHT, P. J.   The plaintiff was a chattel mortgagee, and the defendant represents an execution creditor. There are two questions in the case: (1) Was the chattel mortgage void as to the creditor because the property was left in the hands of the mortgagor, and he was permitted to deal with it as his own? and (2) was the chattel mortgage void as to the creditor because it was not filed for four weeks after it was executed, the credit having been given before the execution of the mortgage? We think the former of these questions was correctly disposed of by the judge at the circuit. He submitted the question to the jury to say whether there was an agreement or understanding between the mortgagor and mortgagee, contemporaneous with the mortgage, that the mortgagor might so deal with the property; and the jury was instructed that, in the absence of such an agreement, the mortgage was not rendered void by the fact that the property was thus dealt with. The decisions on this question have been very conflicting, but the law must be regarded as settled, at present, in favor of the instruction thus given to the jury. *Frost* v. *Warren,* 42 N. Y. 204; *Bank* v. *Koch,* (N. Y. App.) 12 N. E. Rep. 9; *Hangen* v. *Hachemeister,* 114 N. Y. 566, 21 N. E. Rep. 1046; *Brackett* v. *Harvey,* 91 N. Y. 214; *Hincks* v. *Field,* (Sup.) 14 N. Y. Supp. 247. And so the question whether such agreement existed was left to the jury upon a conflict between direct and circumstantial evidence, and the verdict for the plaintiff upon that issue cannot be disturbed.

The other question propounded above arises under the statute of 1833, (Laws 1833, c. 279, § 1; 1 Birdseye's St. p. 479, § 1,) which declares that every

mortgage of chattels, "which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be filed," as directed in the next section. The precise question which arises in this case is whether a creditor, represented by the sheriff defendant, whose debt accrued, or whose credit was given, before the chattel mortgage was executed, is entitled to the protection of the statute quoted. The jury in this case was instructed that it was only creditors whose debts accrued during the default in filing who were so entitled. We think the instruction was error which vitiates the judgment. The statute in question is an evident amendment or an *addendum* to the provision of the Revised Statutes (2 Rev. St. p. 136, § 5) which relates to the same subject-matter, and, with the addition of the provision for filing the mortgage, is in the same language. The earlier statute provides that every sale or assignment of goods and chattels by way of mortgage or security, "unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things sold, mortgaged, or assigned, shall be presumed to be fraudulent and void as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith." The draughtsman of the later statute evidently had the earlier before him, and copied it, so far as was consistent with the purpose to confine the new enactment to the case of chattel mortgages only, and to provide a mode of saving such sureties by filing. It would seem to be proper, therefore, to give to the same terms employed in both statutes the same meaning; and if this is to be done we are aided in our construction of the later enactment by the definition which accompanies the earlier. By the next following section of the Revised Statutes (2 Rev. St. p. 136, § 6) it is provided that "the term 'creditors,' as used in the last section, shall be constructed to include all persons who shall be creditors of the vendor or assignor at any time while such goods and chattels shall remain in his possession or under his control." The language is not "all persons who shall become creditors" during the period mentioned, but "who shall be creditors" during that time; and this would embrace those who were creditors before the sale or assignment, and who continued to be so after such disposition of the property. The same, or an analogous, interpretation of the act of 1833 would extend the benefit of its provisions to those creditors whose debts had accrued before the execution of the chattel mortgage, and remained unpaid after its execution and before it was filed. Moreover, the reason of the provision is in accordance with the plain import of the terms employed. Its object is to protect creditors against the misleading effect of the goods remaining in the possession and control of the debtor after they have been secretly transferred to another person. The effect is to encourage, at once, the giving of credit, and the continuance of credit already given. The existing creditor relies upon the evidence of continued ownership of the goods by his debtor, and foregoes those means of securing his debt, of which he might have availed himself had he known that his debtor was disposing of his property. The language of the enactment is certainly sufficient to cover both classes of creditors. It declares that a mortgage so given, and not filed, shall be absolutely void as against "the creditors" of the mortgagor. No distinction is made or suggested between the two classes of creditors. The language and the analogy of the earlier statute covers them both. We think the reason of the enactment covers them both, and there has been up to this time, so far as we are advised, no adjudication which excludes either. It is true, most of the reported cases relate to credits given during the time the mortgage is withheld from the files, and the language of the decision goes no further than the case in hand. But such cases furnish no authority, nor even *dictum*, against the wider application of the statute. The

case of *Clark* v. *Gilbert*, 10 Daly, 316, on the other hand, is directly in point in support of the present view of the statute; the language of the court being: "The creditors intended by the section are not only judgment creditors, but such as were simple contract creditors when the mortgage was executed, and such as became or continued to be creditors of the mortgagor during the period that the goods remained in his possession, and before the mortgage was actually filed;" and the cases of *Thompson* v. *Van Vechten*, 27 N. Y. 568; *Parshall* v. *Eggert*, 54 N. Y. 18; *Dutcher* v. *Swartwood*, 15 Hun, 33; and *Fraser* v. *Gilbert*, 11 Hun, 637,—are cited as authority for that holding. See, also, Thomas, Mortg. 325.

The objection that the construction of the statute here upheld would render every chattel mortgage void as to all existing creditors of the mortgagor, because some time must necessarily elapse between the execution and the filing of the mortgage, is not conclusive. A reasonable application of the statute would require, in every case, a reasonable time in which to procure the mortgage to be filed; and what was such reasonable time would, no doubt, be a question for the jury, dependent upon the particular circumstances of each case. Such was always the rule in analogous cases under the earlier statute already considered. A reasonable time was given for the actual delivery of the property, during which the presumption of fraud did not arise. *Lee* v. *Huntoon*, 1 Hoff. Ch. 447; *Randall* v. *Cook*, 17 Wend, 53. The statute is a remedial one. It is directed against the evil of a fraudulent and secret transfer of property, to the prejudice of honest creditors. It should have application according to the full measure of the import of the language employed. The case in hand we regard as calling for such an application of the remedy provided. For the error above particularly specified the judgment should be reversed, and a new trial granted.

Judgment reversed, and a new trial granted, with costs to abide the event. All concur.