## In re PUBLIC OPINION PUB. CO.

District Court, D. New Jersey. April 1, 1926.

Bankruptcy ⚖140(1⅝)—On conditional seller's failure to file contract, rights under chattel mortgage were subject after buyer's bankruptcy to rights of judgment creditors (Conditional Sales Act N. J. § 5).

Under Conditional Sales Act N. J. (P. L. 1919, p. 462) § 5, seller under conditional sales agreement, by failing to file agreement forfeited its rights thereunder, and subsequent chattel mortgage covering such property was subject, after buyer's bankruptcy, to rights of judgment creditors at time of its execution, notwithstanding there were no attachments in execution outstanding, since trustee under the Bankruptcy Act was vested as to all property in custody of court, with rights and remedies of creditors holding liens thereon.

In Bankruptcy. In the matter of the bankruptcy of the Public Opinion Publishing Company. On review of the referee's order denying a petition by the Ludlow Typograph Company for reclamation of certain property. Affirmed.

See, also, 20 F.(2d) 402.

Collins & Corbin, of Jersey City, N. J. (David A. Newton, of Jersey City, N. J., of counsel), for the application.

Isaac Gross and Emanuel Weitz, both of Jersey City, N. J., opposed.

RUNYON, District Judge. On May 28, 1924, the Ludlow Typograph Company sold to Public Opinion Publishing Company a typograph machine and equipment for the sum of $3,026.45 under a conditional bill of sale, which, among other things, contained the following clauses:

"And the party of the second part hereby agrees to so purchase said property and to pay therefor to the party of the first part or to its order the sum of three thousand twenty-six dollars and forty-five ($3,026.45) in the following manner: In cash or in exchange on Chicago, one hundred fifty dollars with order, and a further payment of one hundred seventy-six dollars and forty-five cents upon arrival of equipment ($326.45), and the balance in installments, to be further evidenced by promissory notes of said party of the second part, bearing interest at the rate of 6 per cent. per annum from the date at which said property is ready for shipment by the party of the first part, falling due after said date and in amounts as follows: Twelve notes of $50.00 each; 12 notes of $75.00 each; 12 notes of $100.00 each. All of which shall be secured by a first mortgage or lien upon said property in the usual form used by the said party of the first part, which mortgage or lien said party of the second part hereby agrees to properly and legally execute, acknowledge, and deliver to the party of the first part."

"It is agreed that the title to said property shall remain in the party of the first part until the cash payment is made and said mortgage or lien is given, or until the purchase price with interest has been full paid, and in case of default in any of the terms or conditions of this agreement, the party of the first part shall have the right to take immediate possession of said property."

This conditional bill of sale was never filed. Pursuant to the terms of the conditional bill of sale, the Ludlow Company, on June 17, 1924, mailed to the Public Opinion Company the notes and chattel mortgage mentioned in the conditional sale agreement. There was considerable delay on the part of the officers of the Public Opinion Company in executing the notes and mortgage, and it was not until July 22, 1924, that the mortgage was finally executed by the Public Opinion Company officers, and made complete for record; the affidavit of consideration having been already executed by the Ludlow Company before the document was originally mailed from Chicago.

On the day of execution the mortgage was delivered to a salesman for the Ludlow Company, who thereupon delivered it to the company's Eastern manager at its offices in New York City. The Eastern manager forthwith mailed it to the company's home office in Chicago, and two days later, on July 24, 1924, the Ludlow Company mailed the mortgage from Chicago for record, addressing the envelope, however, to the "register of deeds, Hudson County, Bayonne, New Jersey." This day was a Thursday, and the Hudson county register, in Jersey City, apparently received the mortgage on the following Monday, July 28,

1924, between 3 and 4 p. m., and recorded it at that time. It is admitted that at the time of the execution of the chattel mortgage there were judgment creditors of the Public Opinion Company, but none who held liens by execution or attachment.

The situation thus brought about continued until March 9, 1925, on which date the Public Opinion Company was adjudicated a bankrupt, and thereupon the receiver, and afterwards the trustee, took possession of the chattels set forth in the sales agreement and chattel mortgage. In order to secure possession of the said property, the Ludlow Company filed its petition for reclamation, basing its claim upon its chattel mortgage, and it is from the order of the referee denying the claim of the Ludlow Company, and directing that the property be sold and the lien of the mortgage be held to be subsequent to the claims of such creditors as existed at the time the mortgage was recorded, that the present procedure for review has been instituted.

I may say at the outset that I concur in the conclusions reached by the referee, albeit for somewhat different reasons from those advanced by him in his memorandum of findings. The referee emphasizes the delay in the recording of the chattel mortgage, after its execution, occasioned through its being forwarded to Chicago for inspection and then returned, and opines that such delay, under the circumstances, is sufficient to effect a forfeiture of any preference which might otherwise have been obtained through such mortgage.

If I read our Conditional Sales Act (P. L. N. J. 1919, p. 461) aright, the harm to the Ludlow Company's interests had already been accomplished through the failure to record or file the conditional sales agreement. The Ludlow Company had 10 days after the execution of the agreement within which to file it, and could thus have protected itself and its chattels against any such attack as is here made. But, having failed to take advantage of the filing provision of the act, the Ludlow Company surrendered any rights to be secured thereunder, and rendered itself subject to the provisions of section 5, which, in part reads as follows:

"Every provision in a conditional sale reserving property in the seller shall be void as to any * * * creditor of the buyer, who, without notice of such provision, * * * acquires by attachment or levy a lien upon them, before the contract * * * shall be filed, * * * unless such contract or copy is so filed within ten days after the making of the conditional sale."

In other words, had there been judgment creditors of the Public Opinion Company, holding attachments or executions at the expiration of the period within which the conditional sales agreement should have been filed, the failure to file would have been tantamount to a surrender of the chattels to the operation of the law concerning attachments and executions. And while there were no attachments and executions outstanding at this time, and the chattel mortgage covering the same chattels was afterwards executed and recorded, the later bankruptcy procedure nevertheless brought into being, first a receiver and then a trustee. And under Bankruptcy Act, § 47, as amended (Comp. St. § 9631), the trustee, among his other powers, shall "as to all property in the custody [of the court] be deemed vested with all the rights, remedies, and powers of a creditor holding a lien * * * thereon."

Consequently, and inasmuch as the trustee represents certain judgment creditors whose judgments were in existence at the time the chattel mortgage was executed, and brings to such representation the added powers conferred upon him by the Bankruptcy Act, as last above noted, I am of the opinion that the creditors are to be deemed as of two classes: First, those whose claims are not subject to the conditional sale because it never was filed and of the existence of which the trustee is in nowise proven to have had knowledge, nor to the lien of the chattel mortgage, because their judgments antedate its execution; and, secondly, those whose claims were and are subsequent to the execution and recording of the mortgage.

In the case of In re Master Knitting Corporation 7 F.(2d) 11, the Circuit Court of Appeals for the Second Circuit deals with a situation which in several features parallels the instant one. Judge Hough, speaking for the court, says in part:

"But the present Sales Act makes the sale absolute in favor of any creditor who 'acquires by attachment or levy a lien' before contract filed. And since a trustee under the Bankruptcy Act may 'as to all property in the custody [of the court] be deemed vested with all the rights, remedies and powers of a creditor holding a lien * * * thereon,' this trustee in bankruptcy falls exactly within the language of the state statute. In re Seward Dredging Company, 242 F. 225, 228, 155 C. C. A. 65.

"It remains, however, to inquire whether under the state act the trustee, although a creditor and having a lien as by attachment

upon these chattels, is a creditor 'without notice of such provision' for retention of title in the vendor. No evidence was offered below on this point.

"It is to be observed that, since the goods were in the custody of the court below and of the trustee, the vendor was in the position of a plaintiff. The very existence of bankruptcy proceedings produced a presumption of the strongest nature that there were creditors, and by every principle of procedure the burden of proof lay upon the man seeking reclamation to show that he came within the statutory provision of notice. We perceive no difference between one who demands property at the hands of the trustee in the way Benerofe did and any other petitioner in reclamation; it is his duty to bear the burden of proof.

"Let it be assumed that, if *all* the creditors of this bankrupt knew that this sale was conditional, the petition below should prevail, it remains true that the trustee has the right of *any* creditor, and the burden is on the conditional vendor to prove *no* creditor was without notice. No effort was made to make this proof.

"The general rule, with copious citations, is given in Remington (3d Ed.) vol. 4, § 1578, to the effect that, where filing of conditional sale contracts is required by statute to preserve rights as against creditors, unfiled agreements are void against the trustee in bankruptcy, and In re Bazemore (D. C.) 189 F. 237, 239, is express authority for holding, as we do, that the burden of proof was on petitioner below to show notice."

In view of all the foregoing, I am of the opinion that the conclusions reached by the referee in this matter are correct, and should be affirmed, and that the method of sale and distribution set forth in his order of sale is in all respects warranted. An order to that effect may be presented.