## In re MYERS et al.

District Court, N. D. New York.

No. 12285.

1. **Chattel mortgages ⬅196—In absence of statute, unfiled mortgage is valid lien against general creditors from time of execution and delivery.**

In absence of statute, unfiled chattel mortgage is valid lien from time of its execution and delivery, as against general creditors, regardless of when their claims arose.

2. **Bankruptcy ⬅184(2⅛)—Chattel mortgage, notwithstanding unreasonable delay in filing held valid against bankrupts' "creditors," whose claims arose subsequent to filing, but void as to those whose claims arose prior thereto (Lien Law N. Y. §§ 230, 232).**

Chattel mortgage, notwithstanding unreasonable delay in filing, *held* valid as against creditors of bankrupts whose claims arose subsequent to filing, but void as to creditors whose claims arose prior to filing, notwithstanding Lien Law N. Y. (Consol Laws, c. 33) §§ 230, 232, since "creditors," in section 230, does not include those whose claims arose after filing.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor.]

3. **Statutes ⬅184—Object and policy of ambiguous statute may be resorted to in aid of interpretation.**

Where meaning of statute is ambiguous, its object and policy may be resorted to in aid of interpretation.

4. **Statutes ⬅186—Statutes should not be construed to include things not contemplated by Legislature.**

Statutes should not be extended by construction to include persons and things not in contemplation of Legislature.

5. **Chattel mortgages ⬅195—Statute making unfiled mortgage void as against creditors, though remedial, is also in derogation, and should not be extended beyond classes of persons intended to be affected (Lien Law N. Y. § 230).**

Lien Law N. Y. (Consol. Laws, c. 33) § 230, providing that unfiled mortgage or conveyance is void against creditors of mortgagor, though remedial statute is also statute in derogation, and should not be extended beyond particular clases of persons intended to be affected.

In Bankruptcy. In the matter of Reuben L. Myers and another, bankrupts. Petition by John W. Distin for review of the order of the referee refusing to allow his chattel mortgage as a secured claim against all creditors whose claims arose subsequent to the filing of the mortgage. Decision of referee reversed.

W. S. Hillick, of Fulton, N. Y., for claimant.

A. T. Jennings, of Fulton, N. Y., for trustee.

COOPER, District Judge. This is a petition by John W. Distin for review of the order of the referee, refusing to allow his chattel mortgage as a secured claim against all creditors of the bankrupts whose claims arose subsequent to the filing of the chattel mortgage.

The chattel mortgage covering certain fixtures was executed and delivered on April 6, 1925, and filed on July 21, 1925. On March 26, 1926, the bankrupts filed their petition in bankruptcy.

No claim of fraud is made, and there is no dispute of fact. Distin concedes that the chattel mortgage is void as to those creditors whose claims arose between the giving and the filing of the chattel mortgage, and also as to those whose claims arose prior to the giving, but contends that it is valid as against all creditors whose claims arose after the filing.

The trustee contends that, by reason of the delay in filing the chattel mortgage, it is absolutely void as to all creditors, not only those as to whom concession is made, but also those whose claims arose subsequent to the filing. The referee has upheld the contention of the trustee.

[1, 2] In the absence of any statute, an unfiled mortgage is a valid lien from the time of its execution and delivery, as against general creditors, regardless of when their claims arose. The resulting hardships to innocent persons dealing with the mortgagor without knowledge of such secret, but valid, liens caused the enactment of the recording and filing acts in the various states of the Union. The New York state statute applicable at the time of the execution of the chattel mortgage in question is section 230 of the Lien Law (Consol. Laws, N. Y. c. 33) which provides that:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels * * * which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, is absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, is filed as directed in this article. * * *"

Section 232 provides for the place of filing. The statute provides no time limit for filing. It is conceded that 3½ months' delay in filing is unreasonable, and brings this in-

strument within the provisions of section 230.

As the chattel mortgage was filed more than 8 months before the petition in bankruptcy, no question arises under the 4-months provision of the Bankruptcy Law (Comp. St. § 9585 et seq.). The only question to be decided here, therefore, is whether section 230 makes unseasonably filed chattel mortgages void as to creditors whose claims arose after the filing, as well as those whose claims arose prior thereto.

Since the unfiled chattel mortgage would be valid against all contract creditors of the mortgagor, regardless of when their claims arose, were it not for section 230, the limitation on its continuing validity must be found in this section. The invalidity of the chattel mortgage is limited to "creditors" and "subsequent purchasers and mortgagees in good faith."

The term "creditors," as used in the statute of 1833 (Laws 1833, c. 279), of which section 230 of the Lien Law is substantially a re-enactment, has been construed to mean creditors who became such during the time between the giving and filing of the mortgage and also creditors whose debts arose prior to the giving of the mortgage and remained thereafter. Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073; Vreeland v. Pratt, 63 Hun, 626, 17 N. Y. S. 307 (General Term, Fifth Dept.).

The interpretation thus given to the word "creditors" is largely based upon the definition of the word "creditors" in an earlier statute on the same subject-matter. 2 Rev. St. N. Y. p. 136, §§ 5 and 6.

In the Karst Case, the court, referring to the earlier statute, which did not contain any provision for filing chattel mortgages, but made them presumptive fraudulent where possession of the mortgaged goods is retained by the mortgagor, said:

"The following section (6) defined the meaning of the word 'creditors,' used in section 5, declaring that 'the word creditors, as used in the last section, shall be construed to include all persons who shall be creditors of the vendor or assignor at any time whilst such goods or chattels shall remain in his possession or under his control.' The act of 1833 is in pari materia with the provisions of the Revised Statutes, but added additional protection against fraudulent mortgages of chattels by requiring them to be filed, and making the presumption of fraud from the retention of possession by the mortgagor conclusive instead of rebuttable, as under the Revised Statutes, unless the mortgage

should be filed as therein provided. The word 'creditors' in the section of the Revised Statutes (section 5), as defined by section 6, plainly includes all creditors who are such whilst the goods or chattels remain in the possession of the vendor or mortgagor, irrespective of the time when they became such; that is, whether before or after the sale or mortgage."

It will be seen that in the earlier statute the word "creditors" was expressly defined to mean all persons who were creditors while the owner remained in possession. It follows that, when the possession passed from the owner and he was no longer in a position to hold out his possession as evidence of ownership of the goods, then the creditors thereafter arising were not included within the protection of the statute.

The present statute has not continued this definition of creditors, but by the same or an analogous interpretation of the word "creditors," as used in section 230, it would have the same meaning, viz. all who became creditors while the goods remained in possession of the mortgagor or vendor (for that provision is in the statute still in substantially the same language), and also all persons who were or became creditors while the chattel mortgage remained unfiled. When the chattel mortgage is filed, the mortgagor is no more able to hold out his possession of the goods as evidence of unincumbered ownership than he would be if he had parted with their possession. As under the earlier statute, when possession passed from the mortgagor, the protection of the statute ceased, so under the present statute, when possession passes from the mortgagor or mortgagee, or when its equivalent takes place, viz. the filing of the chattel mortgage (In re Packard Press, Inc. [C. C. A.] 5 F.[2d] 633), the protection of the statute should likewise cease.

The application of the statute in question (section 230 of the Lien Law) may be likened to the operation of a machine as far as chattel mortgages not promptly filed are concerned. The machine may be said to be put into operation by the creation—that is, the execution and delivery—of the chattel mortgage. It continues to operate down to the time the chattel mortgage is eventually filed, when it stops. The rights of all existing parties concerned are then fixed. The filing being unseasonably delayed, the instrument is void as to all creditors whose claims were in existence between the giving and the filing of the instrument; that is, during the time the machine is in operation, wheth-

er the claims arose after the filing or before the filing and continued in existence after the filing. But the claims of the creditors extending credit after the filing—that is, after the operation is over—are not affected.

No good reason appears for a construction of the term "creditors," in this section 230, which will include creditors whose claims did not arise until after the filing of the chattel mortgage. They are not in existence as creditors at any of the time during which this statute operates or applies. They are evidently without the scope and intent of the statute. The main purpose of the statute was to protect two classes of persons, viz.: First, those dealing with the mortgagor after the creation of the secret lien on the mortgagor's property and in ignorance of its existence; and, second, antecedent creditors, who may have given further time for payment or omitted to enforce their demands because of ignorance of the undisclosed lien of the chattel mortgage. Karst v. Gane, supra; Vreeland v. Pratt, supra; Marsden v. Cornell, 62 N. Y. 215.

[3] But when the chattel mortgage is eventually filed it is no longer a secret or undisclosed lien on the mortgagor's property. It then becomes disclosed and constructively known to all the world. The reason for the protective rule falling, the rule should fall. Where the meaning of the statute is ambiguous, its object and policy may be resorted to in aid of the interpretation and is frequently of great importance. While courts are less inclined to depart from the plain words of the statute in these times, where the terms of the statute are unambiguous, the rule would seem to have application in such a case as this, where there is uncertainty as to what persons were intended to be included by the Legislature within the term "creditors."

[4] If we have in mind the objects of the statute, it is reasonably clear that it was not the legislative intent to include within the term "creditors," as to whom the chattel mortgage is void, those whose claims arose, or who became purchasers or mortgagees, after the chattel mortgage was filed. Such persons have the same knowledge, and should have the same rights and status, as if the chattel mortgage were given at the time of the filing, and no one could successfully claim a chattel mortgage to be void, if given and filed at consecutive moments. A statute should not be extended by construction to include persons and things not in contemplation of the Legislature.

Had the Legislature intended to include persons whose rights arose subsequent to the filing of the instrument, the statute would have provided, not that the instrument be void as to creditors, subsequent purchasers, and mortgagees in good faith, but simply that the instrument should be void, without limitation or description of persons, or, at least, it would have provided that a chattel mortgage should be void, except as between the parties thereto.

It is within the legislative power to provide that such instruments shall be filed in certain designated public offices, and shall be wholly void as to all persons unless so filed; but the Legislature has not so provided.

[5] The evident legislative intent is to cover persons whose rights continue to or arise within the time during which the statute is operative, and no others. While this is a remedial statute, it is also a statute in derogation, and should not be extended beyond the particular classes of persons intended to be affected by the statute.

The reasonable construction of section 230, therefore, would seem to be that an instrument, otherwise valid, is by the statute rendered invalid only as to the classes of persons named therein and sought to be protected by the statute, and fairly within the contemplation of the Legislature. Creditors whose claims arise after the filing are not within these classes.

So far as the researches of counsel and of the court have disclosed, no New York state court has construed section 230 of the Lien Law in its application to creditors whose claims arose subsequent to the belated or unseasonable filing of the chattel mortgage.

In Skilton v. Codington, 86 App. Div. 166, 83 N. Y. S. 351, the court held that the instrument in question was valid as a chattel mortgage, and also said such an instrument was valid from the date of its filing, even though unseasonably filed, as against creditors whose claims arose subsequent to the filing; but it does not appear that there were any creditors in that case whose claims arose subsequent to the filing of the instrument, and the statement referred to was not necessary to the decision and was in the nature of dictum.

The decision of the Appellate Division in this case was reversed by the Court of Appeals in 185 N. Y. 80, 77 N. E. 790, 113 Am. St. Rep. 885, on another ground, viz. that the instrument was absolutely void because of the provision therein permitting the mortgagor to sell the mortgage chattels and substitute others in their place. It should

be noted that the Court of Appeals in this case used this language: "By reason of the failure to file the chattel mortgage for five years, that mortgage was void as against creditors whose claims accrued prior to such filing."

The inference is that as to subsequent creditors the mortgage was not void. This also was obiter, not being the ground on which the case was decided, and there being no creditors whose claims arose subsequent to the filing. Both of these cases, however, are persuasive as suggesting what probably would have been the view of these learned courts, had the question then been before them for decision.

In Field v. Ingreham, 15 Misc. Rep. 329, 37 N. Y. S. 1135, it was said that failure to file a chattel mortgage for 47 days rendered it void as to *existing* contract creditors. It does not, however, appear that there were any creditors whose claims arose subsequent to the filing, and this case cannot be said to be in point.

Nor are there any analogous Federal cases construing this section in this respect. There are, however, cases in other states arising under similar statutes which support the views above expressed.

In Volker Lumber Co. v. Utah, etc., 45 Utah, 603, 148 P. 363, Ann. Cas. 1917D, 1158, there were creditors whose claims arose partly before the filing of the chattel mortgage and partly afterward. The chattel mortgage was executed July 16, 1910, and filed June 1, 1911. The Utah statute (Comp. Laws 1907, § 150), like the New York statute, provided no limit of time for filing. The section in point makes such instruments void if not filed in the designated public offices, as against "any person other than the parties thereto," while the New York statute reads: "Creditors of the mortgagor, and * * * subsequent purchasers and mortgagees in good faith."

The Utah court held that, when a chattel mortgage is eventually filed in the office provided, even though unseasonably filed, as in that case, it is valid as against all persons extending credit to the mortgagor after such filing, unless such persons can invalidate it on the ground of fraud or other legal basis of attack, other than the fact that it was not seasonably filed.

Possibly a more significant case is Carroll v. Anderson, 30 Wyo. 217, 218 P. 1038, decided under the Wyoming statute by the highest court of that state. In that case a chattel mortgagee brought an action in replevin against a sheriff, who had seized mort-

gaged goods from the mortgagor under a writ of attachment. The chattel mortgage was given July 12, 1920, but was not filed until October 7, 1920. The debt out of which the writ of attachment arose was not incurred until January, 1921, and the goods were thereafter attached.

The Wyoming statute (section 4687, Compiled Statutes) under which this chattel mortgage was claimed by the sheriff to be void is almost identical in language with the New York statute, and reads thus:

"Every mortgage, bond, conveyance or other instrument intended to operate as a mortgage of goods, chattels or personal property, * * * shall be absolutely void as against the creditors of the mortgagor, and as against subsequent mortgagees, or purchasers in good faith, unless said mortgage, * * * shall be filed as hereinafter provided."

Also, like the New York statute, there is in the Wyoming statute no time limit for filing the chattel mortgage. The Wyoming court upheld the chattel mortgage as a valid lien, superior to the rights of attaching subsequent creditors, and said:

"A delay in filing the mortgage for record was not shown to have been for any fraudulent purpose, and we do not think that it affected the validity of the mortgage as to the attaching creditors, who had no dealings with the mortgagor until several months after the mortgage was filed."

So, too, in Texas, may be found a similar construction of the filing statute. Section 3970 of the Revised Statutes of Texas of 1911 makes void, as against creditors, subsequent purchasers, and mortgagees, mortgages of stocks of goods exposed to daily sale, where possession is retained by the mortgagor, unless such mortgage is filed as in the statute provided. This is a statute of somewhat more limited scope, but similar in language and intent.

In the case of Trice v. American Trust & Savings Bank, 259 S. W. 993, the Texas Court of Civil Appeals held that only creditors existing on the date that possession of the chattels was transferred by the mortgagor to the mortgagee could question the validity of the mortgage, and that creditors whose claims accrued subsequent to the date of transfer of possession could not complain. This is exactly the same in principle as holding that only creditors existing on the date the chattel mortgage was filed could question the validity of the mortgage, and that those whose claims accrued subsequent to the date of filing could not complain.

Ohio has a statute which is substantially identical with the New York statute, and was apparently patterned after the latter. While the courts of New York state have held that unseasonably filed chattel mortgages are void as to all creditors, simple contract as well as judgment creditors, existing at any time between the making and filing of the mortgage, the Ohio courts have given such statute a much more limited construction. The Ohio courts have held that the word "creditors," as used in this identical statute, means only such creditors as between the time of the execution of the mortgage and the filing thereof secured liens by attachment, execution, or otherwise. In re Shirley (C. C. A. 6th Circuit) 112 F. 301. See, also, Hicks v. Second National Bank (C. C. A.) 224 F. 53, and In re Klein (C. C. A.) 197 F. 241.

In Kentucky a somewhat similar statute of that state has been given the same limited application as the courts of Ohio have given the Ohio statute. Holt v. Crucible Steel Co., 224 U. S. 262, 32 S. Ct. 414, 56 L. Ed. 756. As to construction of the North Dakota statute, see Thompsons Yards v. Richardson, 51 N. D. 241, 199 N. W. 863.

There is at least one state (South Carolina) where a corresponding filing statute contains a time limit for filing the instrument. In order, however, to assure that chattel mortgages filed after the time limited therein shall not be void as to persons dealing with the mortgagor after the filing, the South Carolina statute expressly provides that such instruments filed after the time limit shall have the same effect as to subsequent creditors as if executed on the date of the filing. This may not have much significance, but it declares an intention by that state not to permit persons dealing with the mortgagor after the filing and with constructive knowledge thereof to use the failure to file within the statutory time as a means of nullifying the mortgage as to them. This is in substance the construction which the courts of Utah and Wyoming have put upon the corresponding statutes of those states. It is also, in the view of this court, the intent of the Legislature in enacting the New York statute under consideration. An interesting case involving this provision of the South Carolina statute may be found in Firestone Tire & Rubber Co. v. Cross (C. C. A.) 17 F.(2d) 417.

None of the cases cited by the trustee to support his contention are analogous. In the cases of Karst v. Gane, 134 N. Y. 316, 32 N. E. 1073, In re Hansen (D. C.) 268 F. 904, In re Shiebler (D. C.) 165 F. 363, and in the Matter of Max Schmidt (C. C. A.) 24 Am. Bankr. Rep. 687, 181 F. 73, there were no creditors whose claims arose subsequent to the unseasonably delayed filing of the chattel mortgage.

The cases of Watts v. Woodward Press, Inc. (C. C. A.) 181 F. 71, In re Leslie-Judge Co. (C. C. A.) 273 F. 886, and Thompson v. Van Vechten, 27 N. Y. 568, relate solely to the provision of the statute declaring such instrument void for failure to file a renewal certificate within 30 days next preceding the expiration of each and every term of one year from the date of filing. In re American Steel Supply Syndicate, Inc. (D. C.) 256 F. 876, does not deal with a question analogous to this issue.

The decision of the referee must be reversed, and the chattel mortgage must be held valid as against creditors whose claims arose subsequent to the filing of the chattel mortgage, and void as to the creditors whose claims arose prior to the filing.