## In re AVLON SYRUP CORPORATION.

District Court, N. D. New York. March 26, 1928.

1. Sales ⟨⟩⟩⟩474(2)—Issuance of executions, not levied before contract is recorded or where time expires without a levy, does not create "liens" within statute relating to recording conditional sale contracts (Personal Property Law, N. Y., § 65).

Under Personal Property Law, N. Y., § 65, providing that a conditional sale contract reserving title shall be void as to any creditor who "acquires by attachment or levy a lien" before the contract is recorded, the issuance of executions which are not levied before the contract is recorded, or where the 60 days within which they may be levied under the statute has expired without a levy before such recording, does not create liens within the meaning of the statute.

2. Bankruptcy ⟨⟩⟩⟩152—Bankruptcy trustee's status as lienholder does not date back of filing of petition (Bankr. Act, § 47a [11 USCA § 75(a)]).

The status given a trustee by Bankruptcy Act, § 47a (11 USCA § 75[a]) as that of a cred--

itor holding a lien does not arise until filing of the petition in bankruptcy, and cannot aid him in holding property purchased by bankrupt under a conditional sale contract which, by being recorded, had become valid before the bankruptcy as against all creditors.

In Bankruptcy. In the Matter of the Avlon Syrup Corporation, bankrupt. On review of order of referee denying petition of the Pfaudler Company to reclaim property. Reversed and recommitted for further hearing.

Naylon, Robinson, Maynard & Bates, of Schenectady, for petitioner.

Thomas R. Tillott, of Schenectady, for trustee.

COOPER, District Judge. This is a proceeding by the petitioner in reclamation proceedings, the Pfaudler Company, to review the decision of a referee in bankruptcy, denying its right to reclaim three syrup tanks from the trustee. The facts are as follows:

On May 4, 1925, the Pfaudler Company entered into two conditional sales contracts with the bankrupt for the sale of the three tanks in question. The purchase price was $2,220, and was payable in installments ranging from June 28 to November 20, 1925. No part of the purchase price has been paid. The petitioner did not file its conditional sales contracts until December 21, 1925. Before this date, several persons, firms, or corporations obtained judgments against the bankrupt.

One Clifton Williams recovered judgment against the bankrupt on October 23, 1925, and execution was issued on October 29, 1925. S. Morrison & Son recovered judgment November 20, 1926. It does not appear whether execution was issued or not, but, if issued, it must have been issued within a few days thereafter. The Daily Gazette Company docketed judgment on October 15, 1925, and execution was issued shortly thereafter and returned unsatisfied. Various other persons recovered judgments between September 18, 1925, and November 27, 1925. It does not appear whether executions on these other judgments were issued or not; but, if issued, the return days expired before the filing of the petition in bankruptcy here. It does not appear that a levy was made under any of the executions issued upon the aforesaid judgments or any of them, and no sale under execution was ever made. The petition in bankruptcy was filed February 18, 1926, and the trustee was appointed on March 15, 1926. Creditors filed claims in the bankruptcy proceedings totaling $18,911, including the aforesaid judgments.

[1] Section 65 of the Personal Property Law of New York provides:

"Every provision in a conditional" contract of "sale reserving property in the seller shall be void as to any * * * creditor * * * who * * * acquires by attachment or levy a lien upon them, [the goods] before the contract or a copy thereof shall be filed. * * *"

The referee held that under section 679 of the Civil Practice Act the issue of these executions created liens upon the property of the corporation, within the meaning of section 65, which were continuing liens and superior to the conditional contracts of sale when filed, although no actual levy was ever made, and also that, under the amendment of 1910 to section 47a of the Bankruptcy Law (11 USCA § 75 [a]) the trustee was vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings upon the bankrupt's property, and could hold the property under that section also.

The referee was in error. It may well be doubted whether a creditor who has only such a lien as arises under section 679 from the mere issue of the execution is a creditor who "acquires by *attachment* or levy a lien" within the meaning of section 65 of the Personal Property Law. This court is of the opinion that he is not. But, however that may be, the trustee cannot succeed under the facts of this case, even if it be held that a lien under section 679 (Civil Practice Act) satisfied the requirements of a lien under section 65. The lien arising from the issuance of the execution exists only during the statutory period of sixty days within which the sheriff must make his levy or return the execution unsatisfied. If a levy is made within the sixty days, the lien exists thereafter, not by issuance of the execution, but solely by virtue of the levy under the execution. The former lien, which may be called a constructive lien, may be said to merge into the later greater, actual lien arising from the levy made under authority of the execution.

As before stated, no levy was made under any of these executions. As far as appears, all the executions were issued and returned unsatisfied before the conditional sales contracts were filed. The liens expired at the expiration of the sixty days or at the earlier return of the execution unsatisfied. A levy could not have been made after the expiration of the sixty-day period. Walker v.

Henry, 85 N. Y. 130, 135; Hathaway v. Howell, 54 N. Y. 97.

The liens arising from the issue of the executions having expired without a levy, whether before or after the filing of the conditional contracts of sale is immaterial, the status of the contract vendor was the same as if no liens ever arose.

Had the judgment creditors asserted their liens by levy within the statutory sixty-day period and before the filing of the conditional contract of sale, their rights would have been superior to that of the claimant, and a sale would have given good title if the tanks are personal property.

The case of the Home Bank v. Brewster, 15 App. Div. 338, 44 N. Y. S. 54, relied upon by the trustee, does not help him. That was a suit in equity brought to set aside mortgages and assignments. The suit was based upon a lien arising under section 679, C. P. A., from an execution issued, but on which no levy was made, and was brought within sixty days from the issue of the execution. The court in that case said, at page 342 (44 N. Y. S. 57):

"The liens of the executions existed at the time the action was commenced, and the right of action could not be defeated by reason of the postponement of judgment [in the equity suit] beyond sixty days from the date of the issue of the executions. Such delay was caused by the answers interposed by the defendants, which rendered a trial of the issues necessary before the judgment could be recovered. The rights of the plaintiff were to be determined with reference to the condition of things existing at the time the action [in equity] was commenced. The court affords the relief to which the plaintiff was then entitled."

It is clear that in the Home Bank Case the creditors availed themselves of their lien within the sixty-day period, not by levying under an execution, but by bringing a suit in equity to set aside incumbrances.

[2] Nor can the trustee prevail because of his improved position under the 1910 amendment to the Bankruptcy Act. It is undoubtedly true that since 1910 the trustee in bankruptcy has the status of a creditor who has levied upon the property of the bankrupt under an execution. But, unfortunately for the trustee here, such status of the trustee did not and could not arise until the petition in bankruptcy was filed on February 18, 1926, and this was nearly two months after the conditional sales contracts were filed, whereas to come within section 65 aforesaid, the lien status must be acquired before the conditional sales contract is filed. It is well settled that the property and rights which vest in the trustee at the time of adjudication are those which existed at the time of filing the petition. Bailey v. Baker Ice Machine Co., 239 U. S. 268–276, 36 S. Ct. 50, 60 L. Ed. 275.

In re Public Opinion Publishing Company, 20 F.(2d) 404, relied upon by the trustee, is not applicable here, as the conditional sales contract in that case was never filed, and likewise in the case of In re Master Knitting Corporation (C. C. A.) 7 F.(2d) 11, no conditional sales contract was filed. These cases would be only applicable to this case if the claimant's contracts of sale had never been filed, or had not been filed until after the filing of the petition in bankruptcy.

It may be urged that the invalidity of an unfiled conditional contract of sale cannot be cured by later filing and that the instrument must remain invalid. Section 65 of the New York Personal Property Law provides that such instruments "shall be void as to any purchaser * * * or creditor * * * before the contract or a copy thereof shall be filed as hereinafter provided." There is a plain inference here that, although the filing shall be unduly delayed, the conditional sales contract is valid from and after the date of filing. Such was also the view of this court as to the validity of chattel mortgages whose filing was unduly delayed. In re Myers (D. C.) 19 F.(2d) 600, affirmed in (C. C. A.) 24 F.(2d) 349.

In the foregoing, these tanks have been treated as personal property. The trustee asserts that the evidence before the referee warrants the finding that the tanks became a part of the real property. If so, these conditional sales contracts are apparently void, not only as to all creditors holding judgments duly docketed in the county clerk's office prior to the filing of the conditional sales contracts, but also as to creditors generally, if the conditional sales contracts when filed failed to comply with the statute requiring a description of the real property to which such chattels were to be affixed. The referee made no findings as to these questions.

The matter is remanded to the referee in bankruptcy for further proof if necessary and decision thereon.