In re KAUFMAN et al.

District Court, N. D. New York.
Oct. 10, 1932.

McGowan & Stolz, of Syracuse, N. Y., for trustee in bankruptcy.

Lee Carroll, of Syracuse, N. Y., for conditional contract vendor.

COOPER, District Judge.

This is a review of the decision of Referee Ben Wiles of Syracuse, holding the conditional sales contract void as against the trustee in bankruptcy.

The conditional sales contract was dated January 25, 1928. It was filed in the Onondaga county clerk's office in the city of Syracuse on September 26, 1928, and was not refiled until October 8, 1931. The petition in bankruptcy was filed October 15, 1931. The referee held that the conditional sales contract was void as against the trustee in bankruptcy because not refiled within the last thirty days of the three-year period after the first filing, as provided in section 71 of the Personal Property Law of the state (Consol. Laws, c. 41).

The claimant vendor contends that, inasmuch as a conditional sales contract is void for failure to file or to refile only as to purchasers, mortgagees, and creditors acquiring a lien by attachment or levy, and the trustee did not become such creditor until October 15, 1931, seven days after the refiling, the trustee was not such creditor on October 8th at the

time of refiling, and hence the conditional sales contract is valid as to the trustee. The decision of the question depends upon the construction to be given sections 65 and 71 of the Personal Property Law of the state of New York. These sections are part of the Uniform Conditional Sales Law which became a part of the Personal Property Law of New York state by chapter 642 of the Laws of 1922.

These two sections are as follows:

"§ 65. *Conditional sales void as to certain persons.* Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided. This section shall not apply to conditional sales of goods for resale."

"§ 71. *Refiling.* The filing of conditional sale contracts provided for in sections sixty-five, sixty-six and sixty-seven shall be valid for a period of three years only. The filing of the contract provided for by section sixty-eight shall be valid for a period of fifteen years only. The validity of the filing may in each case be extended for successive additional periods of one year from the date of refiling by filing in the proper filing district a copy of the original contract within thirty days next preceding the expiration of each period, with a statement attached signed by the seller, showing that the contract is in force and the amount remaining to be paid thereon. * * * "

It will be seen by section 65 aforesaid that such contract shall be void against the creditor who acquires by attachment or levy a lien upon the goods before the contract or the copy shall be filed. It is conceded that the trustee in bankruptcy becomes such creditor at, but not before, the filing of the petition in bankruptcy.

It has been held in this court that such conditional contract of sale is valid as against the trustee in bankruptcy, even though there has been a substantial delay in the original filing of the contract, so long as it is filed before the petition in bankruptcy is filed. In re Avlon Syrup Corp'n (D. C.) 25 F.(2d) 342.

This court has also held that chattel mortgages are valid as to creditors whose claims do not arise until after the filing, though the filing be long delayed. In re Myers et al. (D.

C.) 19 F.(2d) 600, affirmed (C. C. A.) 24 F. (2d) 349.

The vendor claims that the same doctrine applies to the refiling of the conditional contract of sale as applies to the original filing of the contract and that the refiled contract is valid as against the trustee in bankruptcy even though not refiled within three years from the date of the original filing, so long as it is likewise refiled before the petition in bankruptcy is filed.

It will be noted that no definite time is provided in the law relating thereto for the original filing of either the conditional contract of sale or the chattel mortgage. If there were a time limit for filing and the statute provided that they should be invalid if not filing within such statutory time, all such instruments not filed within the statutory time would be invalid. But the lawmakers apparently carefully refrained from fixing a time limit for the original filing.

When it comes to the matter of refiling, however, the statutes relating both to conditional contracts of sale and chattel mortgages fix a time limit for refiling and expressly declare that, unless refiled within such statutory time, the instruments are invalid thereafter, as against the persons named in the statute. The reading of section 71 of the Personal Property Law is: "The filing of conditional sale contracts provided for in sections sixty-five, sixty-six and sixty-seven shall be valid for a period of three years only."

As to chattel mortgages, section 235 of the Lien Law of the State (Consol. Laws, c. 33) reads: "*Mortgage, invalid after one year, unless statement is filed.* A chattel mortgage, except as otherwise provided in this article, shall be invalid as against creditors of the mortgagor, and against subsequent purchasers or mortgagees in good faith, after the expiration of the first or any succeeding term of one year, reckoning from the time of the first filing, unless, 1, within thirty days next preceding the expiration of such term, a statement * * * of renewal is filed in proper order."

It is reasonably clear, therefore, that, whatever latitude may be given to the original filing of the conditional contracts of sale or chattel mortgages, and however long their validity may continue if finally filed before the claims of creditors arise as to chattel mortgages or the lien of the trustee in bankruptcy or of attaching creditors arises as to the conditional contracts of sale, the law is fixed and rigid as to the time of refiling.

When the statute says so flatly, as it does in section 71, "Filing of conditional sale contracts * * * shall be valid for a period of three years only," it must be taken to have the natural meaning which the words imply. These words mean that, if not refiled within the last thirty days of the three years from the time of the original filing, the original filing is invalid; that is to say, the status of things is as if the conditional contract of sale had never been filed.

The language of the law as to chattel mortgages is a little different and a little more specific, but the meaning and intent is the same. In section 235 of the Lien Law it is said in the clearest and most unequivocal language that the chattel mortgage shall be invalid unless the statement of renewal shall be filed within thirty days preceding the expiration of one year after the original filing or the last previous refiling, as the case may be.

As to chattel mortgages, it has been held that, though there was a refiling a few days before the last thirty days of the year, it was not a refiling as required by statute, and such refiling was void and nugatory and the chattel mortgage absolutely void as against the trustee in bankruptcy. In re Lukas et al. (D. C.) 24 F.(2d) 254.

There seems to be no New York case passing upon the effect of a refiling after the statutory three years as to conditional contracts of sale. At least none have been cited in the briefs of counsel and the court has found none. Inasmuch as section 71 is a part of the Uniform Conditional Sales Contract Law, enacted in many states, there may be cases upon the point in other jurisdictions.

Section 71, however, is so clear that it seems unnecessary to search for such cases. The section is so much like section 235 of the Lien Law relating to chattel mortgages in language, principle, and meaning, that cases relating to the effect of the failure to refile chattel mortgages are in analogy here.

The Avlon Syrup Company Case has no real application here, nor has the case of Bailey v. Baker Ice Machine Company, 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275, the two cases relied on by claimant. The former has been referred to hereinbefore. In the latter case there was no construction of a similar statute of Kansas relating to refiling of conditional contracts of sale. The case related to the original filing of a conditional contract of sale dated October 14, 1911. It was filed on March 15, 1912, and bankruptcy did not ensue until July 11, 1912, and it was held that the conditional sales contract vendor had a superior right to that of the trustee in bankruptcy. This is like the Avlon Syrup Case, supra.

In the absence of any authorities to the contrary and in view of the plain language of the statute as embodied in section 71, that filing should be valid only for three years, it must be held that, the three years having elapsed, in contemplation of the law, the vendor's position is as if no filing had ever taken place. It follows, therefore, that the right of the trustee in bankruptcy prevails over that of the vendor. The case comes within the doctrine of In re Master Knitting Corp'n (C. C. A.) 7 F.(2d) 11, and In re Public Opinion Publishing Company (D. C.) 20 F.(2d) 404.

The decision of the referee is affirmed.

In view of this decision upon the merits of the case, it is not necessary to pass on the other questions raised by the trustee arising from delay in filing the application for review and the alleged insufficiency of the refiling certificate.

Order may be entered accordingly.