### In re MARTINA.

No. 30736.

District Court, W. D. New York.

May 2, 1941.

256

Costello, Cooney & Pearon, of Syracuse,, N. Y., for Trustee.

McNulty & Heffernan, of Buffalo, N. Y., for petitioner United Projector & Film Corp.

KNIGHT, District Judge.

A review of the decision of the Referee herein is sought. Charles V. Martina, the bankrupt, was the proprietor of a motion picture theater in the city of Syracuse, New York. On February 17, 1940, he executed a so-called customer's order for the purchase of certain carpets and other equipment from the United Projector & Film Corporation. Such order contained the clause that, if the terms were not C. O. D., the purchaser, before the goods were delivered, would execute a conditional sales contract and note, or chattel mortgage and note covering them. On the morning of May 3, 1940, the United Projector & Film Corporation filed a purported copy of the so-called customer's order executed on February 17, 1940. Actually it was not a true copy of such order. The items purchased were the same, but it contained provisions not included in the other order, among which was a clause that the purchaser should have no rights of ownership in or possession of the property until either a conditional sales agreement or a chattel mortgage was executed.

In the afternoon of May 3, 1940, an involuntary petition in bankruptcy was filed herein. There is included in the record a so-called "conditional sales agreement," purporting to have been executed by the bankrupt on February 17, 1940, and by the vendor on April 1, 1940. This so-called conditional sales agreement was filed in the proper clerk's office on May 8, 1940.

■ Section 65 of the Personal Property Law of New York provides: "Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale." I have been unable to find a New York case interpreting the effect of not filing the contract within ten days of the time it was given. It is not necessary to decide this question in this case. Assuming that the ten day period for filing was added to section 65 of the personal property law entirely for the benefit of the conditional vendor, I do not think that filing the customer's purchase agreement fulfilled the requirements of the statute. The purchase agreement filed does not purport to be a conditional sales contract, but is rather an offer upon the part of the purchaser to buy. The order contains a clause that it is subject to the official acceptance of the United Projector & Film Corporation. The contract which was filed upon May 8, 1940, shows that such official acceptance was not given until April 1, 1940.

■ The petitioner's principal argument that the order was itself a conditional sales contract is based upon the supposed interpretation that the parties gave to the instrument. It seems to me that the subsequent actions of the parties show that they did not regard this as a contract. The purchaser ordered certain goods which were to be manufactured. Since the goods were to be manufactured the quantities actually delivered varied slightly from the amount ordered. Thereafter the vendor made out a conditional sales contract containing all the usual provisions. This was the only document signed by the vendor. If, as the petitioner contends, the original document was regarded as a contract between the parties, it is difficult to understand why they executed the conditional sales contract on April 1, 1940. Here the provisions of the various instruments are clear, therefore the expressions of the court in Matter of Parker,[1] filed September 20, 1939, affirmed Schildkraut Fur Co., Inc. v. Wm. H. Bell, Trustee, 2 Cir., 114 F.2d 1021, have no application.

■ For these reasons I conclude that the order filed upon May 3 was not a contract or a copy of a contract, and that the petitioner, therefore, has not complied with sections 65 and 66 of the New York Personal Property Law.

■ The only question remaining is whether filing the order containing the provision that conditional sales contract would be executed by the vendee is sufficient to give the trustee notice that there was such a contract. The petitioner does not contend that the trustee and all the creditors had actual knowledge of the existence of

---
[1] No opinion for publication.

the contract. Where statutes arbitrarily provide that if certain things are done everyone will be charged with knowledge of certain acts, the requirements of the statute must be completely met. In re Bazemore, D. C., 189 F. 236; In re Branson, D. C., 17 F.2d 377; and Matter of Kaufman, D.C., 1 F.Supp. 368, 21 A.B.R.,N.S., 615. Here the requirement that the conditional sales contract or a copy thereof should be filed was not fulfilled.

The decision of the Referee is affirmed.